Frederick OWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–94–310–CR.

Court of Appeals of Texas, Waco.

Feb. 21, 1996.

Frank Blazek, Smither, Martin, Henderson, Morgan, DeLong & Blazek, P.C., Huntsville, for appellant.

David S. Barron, District Attorney, Tuck Moody McLain, Asst. District Attorney, Bryan, for appellee.

Before CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Frederick Owens was charged by indictment with the felony offense of aggravated assault. TEX.PENAL CODE ANN. § 22.02(a) (Vernon 1994). He pled not guilty to the indictment, and a jury convicted him as charged. Owens pled "true" to an allegation of a prior felony conviction and the jury assessed punishment at the maximum of twenty years in prison. Owens appeals on the sole point that he was denied the effective assistance of counsel. We will reverse the judgment and remand for a new trial.

### FACTUAL BACKGROUND

Owens' "girlfriend," Katashia Merchant, alleged in a complaint that on or about January 26, 1994, Owens assaulted her "by beating [her] with [a] wooden club." Merchant

handwrote a three-page statement to police on January 30 describing in detail how she was "beaten by Frederick Owens." The next day, she signed the complaint charging him with aggravated assault with a deadly weapon. Because he was unable to post bond, Owens remained incarcerated for over seven months until his trial on September 13. He was, however, released on furlough during this time and maintained close contact with Merchant.

Despite her original allegations against Owens, Merchant refused to testify against him at trial. After accepting an offer of prosecutorial immunity from the State for her testimony, she claimed that she had fabricated her original allegations against Owens. When presented with photographs of her injuries taken by police, Merchant testified as follows:

> [PROSECUTOR]: How did that happen?
>
> [MERCHANT]: Well, I had a fight.
>
> [PROSECUTOR]: Well, that's pretty evident. Who did you have a fight with?
>
> [MERCHANT]: Somebody.
>
> [PROSECUTOR]: Okay. That's pretty evident, too. Who was the person?
>
> [MERCHANT]: It wasn't Frederick.
>
> [PROSECUTOR]: I'm asking you who the person was?
>
> [MERCHANT]: He's not here.

After the trial judge instructed her twice to answer the question, she said her friend "Samuel Jones" from Houston was responsible. Merchant maintained that her written statement was accurate, "[b]ut the person in it is not, [and] the place is not."

According to Merchant's testimony, she allowed her "innocent" boyfriend, Owens, to be charged for the crime "[b]ecause he made me mad" by "[m]essing around on me.... And I wanted to get him back." When asked why she waited seven months to tell someone in authority that she lied, she responded that she was unable to get the charges dropped because she didn't know who the "DA" was.

> [PROSECUTOR]: Here is a guy you're in love with and just because you didn't know who I am or my phone number he sits in jail for seven months? Does that seem—does that make sense to you?

> [MERCHANT]: Maybe I wanted him there.
>
> . . .
>
> [PROSECUTOR]: Okay. Why did you change your mind now?
>
> [MERCHANT]: I don't want to see an innocent person go down.

The prosecutor presented only two witnesses: 1) Officer James Muniz, the officer that heard Merchant's original story and took her written statement; and 2) Merchant. Because Officer Muniz had no direct knowledge of the incident, Merchant was the only witness presented that could provide direct evidence of Owens' guilt. Since Merchant refused to implicate Owens at trial, Owens contends that but for her original written allegations, there would have been no evidence of his guilt. Owens claims that he was denied the effective assistance of counsel when his court-appointed attorney failed to object to or request a limiting instruction for Merchant's "out-of-court allegation" that Owens assaulted her.

## PROCEDURAL BACKGROUND

The first reference to Merchant's "out-of-court allegation" against Owens occurred immediately prior to trial when the State sought to offer statements that Merchant made to Officer Muniz when she reported the incident. The State argued that Merchant's prior statements were admissible as substantive evidence under the "statement against interest" exception to the hearsay rule because they included embarrassing details that tended to make her an object of "disgrace" at the time she made them. TEX. R.CRIM.EVID. 803(24). The court entertained extensive argument on the matter and heard testimony from Officer Muniz outside the presence and hearing of the jury. The court ultimately sustained defense counsel's objection that Rule 803(24) was inapplicable: "Objection sustained. Because the statement in my opinion doesn't make her the object of hatred, ridicule or disgrace by society. The fact is, I feel sorry for her."

The next reference to Merchant's "out-of-court allegation" against Owens occurred when the prosecutor asked Merchant to ac-

knowledge that she had, indeed, made such an allegation:

> [PROSECUTOR]: [D]o you remember, do you recall making the allegation that Frederick Owens caused bodily injury to you by beating you with a wooden club?
>
> [MERCHANT]: I remember saying that.
>
> . . .
>
> [PROSECUTOR]: Did that happen or not?
>
> [MERCHANT]: No.

Although Merchant denied that her statement correctly portrayed the event, her affirmative reference to the fact that she made the specific allegation was admitted without objection or limitation.

The next reference to the written statement occurred when the prosecutor attempted to establish the identity of the actual document:

> [PROSECUTOR]: State's Exhibit No. 15 [Merchant's prior written statement], would you look at that and tell me if that's your handwriting?
>
> [MERCHANT]: Looks like it.
>
> [PROSECUTOR]: Does that look like your signature, too?
>
> [MERCHANT]: Kind of messy, but—
>
> [PROSECUTOR]: That's the statement you gave James Muniz, isn't it?
>
> [MERCHANT]: Looks like it.

The prosecutor proceeded, without objection or request for limitation, to impeach Merchant with the statement by comparing her account of events on the stand implicating Samuel Jones with the events described in the statement implicating Owens. Finally, the prosecutor offered Merchant's written statement, as well as her original signed complaint against Owens, for admission. Both were admitted without objection or request for limitation.

> [PROSECUTOR]: Your Honor, we offer State's Exhibit 15 [Merchant's prior written statement], prior inconsistent statement.
>
> [DEFENSE]: Judge, I haven't seen this. May I have just a moment?
>
> THE COURT: Yes, sir.
>
> (Short pause)

> [DEFENSE]: I have no objection.
>
> THE COURT: Admitted.
>
> [PROSECUTOR]: And, Your Honor, we also offer again State's Exhibit No. 14 [Merchant's signed complaint].
>
> [DEFENSE]: I want to take her on voir dire on this one, Your Honor.
>
> THE COURT: Proceed.
>
> . . .
>
> [DEFENSE]: For whatever purpose, I withdraw any objection.
>
> THE COURT: Admitted.

### STANDARD OF REVIEW

The standard by which we review the effectiveness of counsel at the guilt-innocence stage of trial was articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).

■ To prevail, Owens must first show that his trial counsel's performance was so deficient, because he made errors of such a serious nature, that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. In other words, he must show that his trial counsel's performance failed to constitute "reasonably effective assistance," *i.e.,* that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Ex parte Menchaca,* 854 S.W.2d 128, 131 (Tex.Crim.App.1993). Second, he must demonstrate that his counsel's deficient performance so prejudiced his defense that he was deprived of a fair trial, *i.e.,* that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.,* 466 U.S. at 694, 104 S.Ct. at 2068.

■ A claim of ineffective assistance of counsel must be determined upon the partic-

ular facts and circumstances of each individual case. *Jimenez v. State*, 804 S.W.2d 334, 338 (Tex.App.—San Antonio 1991, pet. ref'd). A strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex.Crim.App.1991). Stated another way: Counsel's competence is presumed and the party asserting ineffective assistance must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. *See id.* Allegations of ineffective assistance will be sustained only if they are firmly founded. *Jimenez*, 804 S.W.2d at 338. The fact that another attorney might have pursued a different course of action or tried the case differently will not support a finding of ineffective assistance of counsel. *Id.*

## ANALYSIS

The contents of Merchant's prior written allegation and signed complaint were the only evidence of Owens' guilt presented at trial. Our determination of whether Owens received effective assistance of counsel will, therefore, necessarily depend upon the admissibility of that evidence. If the evidence was admissible for all purposes, defense counsel's failure to object or request a limiting instruction would not have prejudiced Owens' defense so as to deprive him of a fair trial. *See Menchaca*, 854 S.W.2d at 130–31. However, if the evidence was inadmissible or admissible only for a limited purpose, *e.g.*, impeachment, then defense counsel's failure to object or request a limiting instruction could have created a reasonable probability that, but for the failure, the result of the proceeding would have been different. *See id.*

■ At trial, the State proffered Merchant's written statement as a "prior inconsistent statement." Since the State did not indicate whether it relied on the exclusion from hearsay in Rule 801(e)(1), "Prior Statement by Witness," or whether it relied on the limited admissibility impeachment theory in Rule 612(a), "Examining Witness Concerning Prior Inconsistent Statement," we will address both. Tex.R.Crim.Evid. 612(a), 801(e)(1). With regard to the "Prior Statement by Witness" exclusion in Rule 801(e)(1), the statement was inadmissible. *Id.* 801(e)(1). In order to qualify for that exclusion, the inconsistent statement must have been "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, . . . or in a deposition." *Id.* Merchant's voluntary written statement to police does not qualify.

With regard to the "Prior Inconsistent Statement" impeachment theory in Rule 612(a), the statement may have been admissible, but only for the *limited* purpose of impeachment. *Id.* 612(a). Because Merchant made her written statement outside of court, it is considered hearsay if it is offered to prove the truth of the matter asserted. *Id.* 801(a)–(d). Thus, unless it falls within some hearsay exception, it is admissible solely for purposes of impeachment. 1 Steven Goode, Olin G. Wellborn III & M. Michael Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal* 639 (Texas Practice, 2d ed. 1993).

■ The State argues two theories of admissibility in its brief. First, the State contends that the statement was admissible as substantive evidence because it was an admission by a party-opponent. Tex.R.Crim. Evid. 801(e)(2). According to the State, Merchant became a party-opponent when she recanted her original statement at trial. In support of this theory, the State refers us to the Austin Court of Appeals case of *Cuyler v. State*, 841 S.W.2d 933 (Tex.App.—Austin 1992, no pet.). We are not persuaded by *Cuyler*. Rather, we adopt the reasoning of the authors in the Texas Practice series:

> The State, not the victim, is the party-opponent of the accused in a criminal proceeding. Therefore, the Austin Court of Appeals erred in holding that an out-of-court statement by the alleged victim in a sexual assault case was admissible against the State as substantive evidence under Rule 801(e)(2)(A) ["Admission by Party–

Opponent"] rather than merely for impeachment.

2 Goode, Wellborn & Sharlot, *supra*, at 113 (citing *Cuyler v. State*, 841 S.W.2d 933, 935 (Tex.App.—Austin 1992, no pet.)).

■ Secondly, the State contends, as it did unsuccessfully prior to trial, that the statement was admissible as substantive evidence under the "statement against interest" exception to the hearsay rule. TEX.R.CRIM. EVID. 803(24). The State relies on the following language of Rule 803(24) to support its theory: "A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to ... *make him an object of hatred, ridicule, or disgrace,* that a reasonable man in his position would not have made the statement unless he believed it to be true." *Id.* (emphasis added). According to the State, because Merchant's written statement included embarrassing details of a "savage beating," it tended to make her an object of disgrace at the time she made it. Thus, she would not have made the statement unless she believed it to be true.

■ The State refers us to the following excerpts from Merchant's written statement to illustrate the "disgrace":

> While we were talking, he (Frederick) was degrading me, calling me out of my name and telling me that I was a fake, cheat, whore, bitch, and a liar. ... Then he (Frederick) told me to take off my jacket. He (Frederick) was still beating on me. He (Frederick) stopped and told me to get my jacket and follow him in the room. He (Frederick) made me take off my clothes. My body looked awful, swollen. He (Frederick) was saying stuff like, ["]I feel no pity for you and now your sh— looks bad, so now, no one can look at or want you. But you won't disobey me anymore.["]

To be admissible, a statement against interest that makes the declarant the object of hatred, ridicule, or disgrace must be in the context of the declarant's social interests. *Sills v. State,* 846 S.W.2d 392, 397 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). *See, e.g., Purtell v. State,* 761 S.W.2d 360, 369 (Tex.Crim.App.1988), *cert. denied,* 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989)

(confession by small-town minister of homosexual conduct); *Robinson v. Harkins & Co.,* 711 S.W.2d 619, 621 (Tex.1986) (statement by husband that he was responsible for an automobile accident whereby his wife became a paraplegic). Although Merchant's account of the assault may have been embarrassing for her to give, we cannot say that it made her an object of disgrace at the time she made it. To do so would label all victims "disgraceful" and declare that it is against one's social interest to admit they were a victim of a crime. We agree with the trial judge that Merchant's written statement did not make her subject to hatred, ridicule, or disgrace at the time she made it such that it was against her interest.

■ In summary, Merchant's written statement is hearsay, and does not fall within either the "Prior Statement by Witness" exclusion in Rule 801(e)(1) or the "Admission by Party–Opponent" exclusion in Rule 801(e)(2). TEX.R.CRIM.EVID. 801(e)(1)–(2). It also fails to fall within any exception to the rule against hearsay, specifically, the "Statement Against Interest" exception in Rule 803(24). *Id.* 803(24). Therefore, Merchant's written statement was admissible only for the limited purpose of impeachment as a prior inconsistent statement under Rule 612(a). *Id.* 612(a).

Having determined that Merchant's written statement was admissible only for the limited purpose of impeachment, we apply the two-part *Strickland* test to determine whether defense counsel was ineffective for failing to prevent the admission of the written statement as substantive evidence. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The first prong of the *Strickland* test requires us to determine whether trial counsel provided "reasonably effective assistance." *Id.* The record demonstrates that defense counsel failed to object or ask for a limiting instruction when the prosecutor asked Merchant to acknowledge that she had previously alleged that Owens caused her bodily injury by beating her with a wooden club. He further failed to object or request a limiting instruction when the prosecutor offered both Merchant's written statement and her signed complaint for admission, resulting in the ad-

mission of both documents for all purposes. Defense counsel's course of conduct cannot be considered sound trial strategy. There is no plausible strategy to pass over the admission of the only evidence of a defendant's guilt which is also "clearly inadmissible" as substantive evidence. *Menchaca,* 854 S.W.2d at 132 (citing *Lyons v. McCotter,* 770 F.2d 529, 534 (5th Cir.1985)). Because defense counsel failed to object or request a limiting instruction to the only evidence that the jury could consider to convict his client, we find that his performance fell below the "objective standard of reasonableness under prevailing professional norms." *Menchaca,* 854 S.W.2d at 131.

The second prong of the *Strickland* test requires us to consider whether defense counsel's deficient performance was sufficient to undermine our confidence in the verdict. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. When viewed in the context of the entire record, we believe that there is a reasonable probability that, but for defense counsel's errors of omission, the result of the proceeding would have been different. Since Merchant refused to testify against Owens at trial, if defense counsel had requested a limiting instruction to Merchant's hearsay statement, the judge would have either granted the request, thus precluding the jury from considering the statement for its truth and leaving the State with insufficient evidence to convict, or denied the request, thus committing error. *See Fernandez v. State,* 830 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

## CONCLUSION

Having found that defense counsel's deficient performance failed to constitute reasonably effective assistance to Owens and that the performance so prejudiced Owens' defense that he was deprived of a fair trial, we hold that Owens was denied the effective assistance of counsel. *Strickland,* 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068. We reverse the judgment and remand the cause for a new trial on the merits.