Mozee v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-310-CR

        RODNEY ALLEN MOZEE,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-586-C
                                                                                                    

O P I N I O N
                                                                                                    

          Appellant, Rodney Allen Mozee, was indicted for the offense of burglary of a motor
vehicle. Tex. Penal Code Ann. § 30.04 (Vernon 1994). A jury found Mozee guilty, and the
trial judge assessed punishment at ten years' incarceration in the Institutional Division of the Texas
Department of Criminal Justice.


 Mozee appeals from his conviction, alleging he was denied
effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the
United States Constitution. U.S. Const. amend VI, XIV, § 1. Mozee contends that his trial
counsel was ineffective in that he failed to: 1) challenge a potentially biased venireperson; 2)
consult with Mozee prior to the day of trial; 3) file a motion to quash a defective indictment; and
4) argue leniency or present witnesses during the punishment phase of trial. We affirm.
          The right to effective counsel is a constitutional right protected by the Sixth and Fourteenth
Amendments to the United States Constitution. Id. The standard for determining ineffectiveness
of counsel was articulated by the United States Supreme Court in Strickland v. Washington, 466
U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984). The Strickland standard was adopted by the
Court of Criminal Appeals in Hernandez v State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 
A claimant "must prove by a preponderance of the evidence that counsel's representation fell
below the standard of prevailing professional norms, and that there is a reasonable probability that
but for counsel's deficiency the result of the trial would have been different." McFarland v. State,
No. 71,557, slip op. at 13 (Tex. Crim. App. February 21, 1996) (citing McFarland v. State, 845
S.W.2d 824, 842 (Tex. Crim. App. 1992), cert. denied, — U.S. —, 113 S.Ct. 2937 (1993)); see
also Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064; Chambers v. State, 903 S.W.2d 21, 32
(Tex. Crim. App. 1995); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Owens
v. State, 916 S.W.2d 713, 716 (Tex. App.—Waco 1996, no pet.). A claimant must satisfy both
prongs of this test in order to prove ineffective assistance of counsel. In reviewing a claim of
ineffective counsel, we adhere to the "strong presumption that counsel's conduct falls within a
wide range of reasonable presentation," McFarland, slip op. at 13, and is therefore "sound trial
strategy." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Additionally, any allegation of
ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate
the alleged ineffectiveness. Ex parte Cruz, 739 S.W.2d 53, 59 (Tex. Crim. App. 1987); see also
Ex parte McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App. 1980), cert. denied, 459 U.S.
1036, 103 S.Ct. 447 (1982).
          Mozee contends he was denied his right to effective counsel when his trial attorney failed
to challenge a venireperson who expressed uncertainty in being a fair and impartial juror. During
voir dire, Mozee's defense attorney questioned venireperson, Karen Walrath, as to whether having
been the victim of a vehicular burglary, the same crime with which Mozee was charged, would
render her incapable of being neutral and unbiased. Walrath replied, "I don't know. I mean, it
was a violation, I worked hard for [my car]. It may." Mozee alleges that counsel's failure to
question Walrath further on this issue and his failure to object to Walrath's being seated on the
jury denied Mozee of effective assistance of counsel. We disagree.
          The first prong of the Strickland standard requires the claimant to prove that his counsel's
trial performance was deficient. See Jackson, 877 S.W.2d at 771. In order to do so, a claimant
must overcome the presumption that counsel's actions were a reasonable part of his trial strategy. 
See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; McFarland, slip op. at 13. The record is
silent as to why counsel did not question Walrath further during voir dire or challenge Walrath's
presence on the jury. We could speculate as to the motivation behind counsel's actions, but the
Court of Criminal Appeals has expressly stated that such action on our part is not necessary. See
Chambers, 903 S.W.2d at 34; Jackson, 877 S.W.2d at 771-72. The Court in both Chambers and
Jackson held that, because the record was silent as to why trial counsel chose not to question the
venireperson or challenge his presence on the jury, there was insufficient evidence to overcome
the strong presumption that trial counsel acted reasonably. Id.


 Therefore, we find that Mozee
failed to satisfy the first prong of Strickland.
          Mozee also claims he was denied ineffective assistance of counsel because his defense
counsel failed to confer with him prior to the day of trial. There is nothing in the record to
support Mozee's contention that counsel's failure to consult with him prior to the day of trial
constituted ineffective assistance of counsel. See Ex parte Cruz, 739 S.W.2d at 59. Further,
Mozee fails to establish that had he discussed the case with his defense attorney prior to trial the
result of the proceedings would have been different. See McFarland, slip op. at 16. 
Consequently, Mozee has again failed to satisfy the first prong of Strickland by proving that his
trial counsel's performance was deficient.
          Mozee points to a third instance of alleged ineffective assistance of counsel: counsel's
failure to file a motion to quash the indictment. Mozee maintains that the indictment was defective
in that it failed to properly describe the personal property that was subject to the burglary. 
However, Mozee neither explains how counsel's failure to file the motion constitutes deficient
conduct nor how his defense was prejudiced by the omission. Assuming, arguendo, counsel was
remiss in not filing a motion to quash the indictment, Mozee cannot establish that but for the error
the outcome of the trial would have been different because he makes no argument that the motion
would have been granted. See Rodriguez v. State, 899 S.W.2d 658, 667-68 (Tex. Crim. App.
1995).
          Mozee further claims he was denied effective assistance of counsel at the punishment phase
of his trial when counsel failed to argue for leniency or present any witnesses. The standard for
evaluating effectiveness of counsel at the punishment phase of a trial for a non-capital offense
differs from the standard applied to the guilt-innocence phase; the reasonably effective assistance
of counsel standard articulated in Ex parte Duffy controls. 607 S.W.2d 507, 514 n.14 (Tex. Crim.
App. 1980). The test is "whether counsel was reasonably likely to render effective assistance and
whether counsel reasonably rendered effective assistance." Ware v. State, 875 S.W.2d 432, 434
(Tex. App.—Waco 1994, pet. ref'd) (citing Ex parte Langley, 833 S.W.2d 141, 143 (Tex. Crim.
App. 1992)); see also Chambers, 903 S.W.2d at 32 n.16. In applying the Duffy standard, we are
required to examine the totality of trial counsel's representation, taking note that whereas Mozee
is not entitled to errorless counsel, under some circumstances one error by counsel can render
counsel's assistance ineffective. Ware, 875 S.W.2d at 434, 436; see also Ex parte Felton, 815
S.W.2d 733, 735 (Tex. Crim. App. 1991). However, an analysis under the "reasonably effective
assistance of counsel" standard is not required. Mozee once again has failed to satisfy his burden
on appeal: he has not provided us with a sufficient record from which we can ascertain whether
his argument is meritorious. See Tex. R. App. P. 50(d); see also Ex parte Cruz, 739 S.W.2d at
59; Ex parte McWilliams, 634 S.W.2d 819. Therefore, Mozee's point of error is overruled.
          The judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings,
         Justice Vance and
         Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 2, 1996
Do not publish