**Willie Rodriquez JONES, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–96–208–CR.

Court of Appeals of Texas, Fort Worth.

June 19, 1997.

Publication Ordered Aug. 14, 1997.

Terry M. Casey, Casey & Colosi, Fort Worth, for Appellant.

Tim Curry, Criminal district Attorney, Charles M. Mallin, Assistant Criminal District Attorney and Chief of the Appellate Section, C. James Gibson, Rose Anna Salinas, Lisa Amos, Assistant Criminal District Attorneys, for Appellee.

Before CAYCE, C.J., and H. BRYAN POFF, Jr. (Sitting by Assignment) and RICHARDS, JJ.

## OPINION

PER CURIAM.

The appellant Willie Rodriquez Jones was charged with capital murder. He entered a plea of not guilty, but a jury found him guilty of capital murder. The State having waived the death penalty, the case was submitted to the court for punishment. The court assessed punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. The appellant perfected his appeal and in a single point of error contends the judgment should be reversed because he was denied effective assistance of counsel. We will overrule the point of error and affirm the judgment.

The appellant was charged with causing the death of Jonathan Alexander by shooting him with a firearm. The murder was alleged to be a capital offense because it was committed during a robbery and also because the victim, Jonathan Alexander, was under six

years of age. Jonathan was killed as he set in a pick-up truck with his dad Bruce, and Jeffery Love. Love testified that he and Bruce had gone to the American Inn Motel on the east side of Fort Worth to buy some cocaine. Love said that as he drove his truck into the motel parking lot, several men approached and a deal was struck to buy cocaine from one of the men. After the buy was made, one of the men leaned into the truck and tried to take the keys. Love, believing that he was about to be robbed of his truck and his money, attempted to back out of the parking lot. Love testified that one of the men who was standing in front of the truck pulled a pistol and fired into the truck. Love could not identify the shooter. Love succeeded in making good his escape, but sadly not in time to prevent a tragedy. The shot fired into the truck, struck little Jonathan, and fatally wounded him.

One of witnesses to the drug sale, Darian Davis, testified for the State. He said that the appellant admitted to him that he had fired the shot and killed the child. Davis also testified that he and the appellant and Alfred King and "Slim" had discussed robbing Love and Alexander. Davis admitted that he had given conflicting stories to the police, and he once said that King had fired the shot into the truck. On cross-examination, he also said he was not sure if anyone was going to be robbed.

Two other witnesses to the shooting were Michelle Stevenson and Gwendolyn James. Ms. Stevenson was the girlfriend of Alfred King. She and Alfred lived at the American Inn, and she described it as a haven for drug dealers and prostitutes. She said that she saw a struggle in the motel parking lot between some men, including Alfred, the appellant, and two white men in a small pick-up truck. She interpreted the struggle as an attempt by Alfred, the appellant, and another man to rob the white men. She further testified that she saw the appellant fire a shot into the pick-up truck. On cross-examination she admitted that, at the time of trial,

she was in the penitentiary serving a sentence for forgery.

Gwendolyn James testified that she too was living at the American Motel with her boyfriend. She confirmed the fact that the motel was a haven for drug selling and she admitted she was a dealer. She also said she saw the appellant fire a gun into the white men's pick-up truck. She said that she overheard a conversation between Alfred and some others concerning "jack[ing] those white people." She understood this to mean that the men intended to rob the white men in the truck.

In his sole point of error the appellant contends that his counsel failed to provide reasonably effective assistance of counsel as guaranteed under the Sixth Amendment to the United States Constitution, and under article I, section 10 of the Texas Constitution.[1] The appellant's only complaint is that his counsel failed to object to Love's answer concerning the dead child's age. The appellant concludes that there is a reasonable probability that but for counsel's failure to object, the result of the proceedings would have been different. If the appellant is correct, he would be entitled to a reversal under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as adopted by the Texas Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim. App.1986). The appellant must prove the deficiency in the representation and the resulting harm by a preponderance of the evidence. *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App.1984).

When testing the sufficiency of counsel's representation we are to presume that counsel's performance was within the wide range of professional assistance and we presume his or her actions were based on the exercise of reasonably professional judgment. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). This is in keeping with the long held tradition that an

1. Since the appellant has not separately briefed the federal and state questions, we will analyze the point of error under the United States Consti-

tution. *Heitman v. State,* 815 S.W.2d 681, 690 n. 23 (Tex.Crim.App.1991).

accused is not entitled to errorless counsel. *Cannon,* 668 S.W.2d at 403.

In examining the circumstances surrounding counsel's failure to object to Jeffrey Love's answer that Jonathan was four years old at the time of his death, we first note that the appellant concedes in his brief that he is not sure that Love's answer was hearsay.[2] He concedes that it is possible that Love had first-hand knowledge of the child's age. Even so, the appellant contends his counsel was ineffective in not taking Love on voir dire to test the basis for his answer. For authority for his argument that failure to object to hearsay constitutes ineffective assistance of counsel, the appellant cites *Owens v. State,* 916 S.W.2d 713, 718–19 (Tex.App.—Waco 1996, no pet.).

In *Owens,* the court held that counsel's failure to object to the only piece of evidence of the defendant's guilt, which was clearly inadmissible as substantive evidence, was ineffective assistance of counsel. In *Owens* the evidence in question was a statement given by Owens' victim. The victim, being his girlfriend, refused to testify at trial. The State then offered the statement and the appellant did not object. The statement was inadmissible and it was the only evidence the State offered to prove the appellant's guilt. The *Owens* court opined that to pass over the admission of prejudicial and arguably inadmissible evidence may be strategic, but to pass over the admission of prejudicial and clearly inadmissible evidence has no strategic value. The *Owens* court also noted that each case has its own unique facts and each case must stand on its own. We do not read *Owens* to hold that every counsel who fails to object to hearsay testimony is per se ineffective.

In addressing the appellant's complaint, we will first examine Love's answer that the child was four years of age, to determine if the answer was hearsay, and if so was it inadmissible. While Love was not related to Jonathan he had been closely associated with him for most of his young life. Love had known Jonathan for three years. He had lived in the same home with Jonathan and his mother and father for two or three years. He stated he loved the child very much. Love and Jonathan's father Bruce had worked together for some time. The State contends that, due to this close family relationship, Love was qualified to tell the jury how old Jonathan was at the time of his murder. The State argues that, even if Love's answer was not based upon personal knowledge, it was admissible as an exception to the hearsay rule under TEX. R. CRIM. EVID. 803(19) & 804(b)(3)(A).

Rule 803(19) allows for admission of the following category of hearsay:

> **(19) Reputation Concerning Personal or Family History.** Reputation among members of his family by blood, adoption, or marriage, or among his associates, or in the community, concerning a person's birth, adoption, marriage, divorce, death, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of his personal or family history.

TEX. R. CRIM. EVID. 803(19). Rule 804(b)(3)(A) allows for the admission of the following hearsay if the declarant (in this case, Jonathan) is unavailable as a witness:

> (3) *Statement of Personal or Family History.* (A) A statement concerning the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history, even though declarant had no means of acquiring personal knowledge of the matter stated....

TEX. R. CRIM. EVID. 804(b)(3)(A).

Rules 803(19) and 804(b)(3)(A) clearly provide that certain witnesses may provide hearsay evidence regarding a person's age. In order to give such evidence, the witness must be a close family "associate" who is familiar with the family history. Additionally under Rule 804(b)(3)(A), the declarant must be un-

---

2. This concession defeats the point of error under the holding in *Vaughn v. State,* 888 S.W.2d 62, 74 (Tex.App.—Houston [1st Dist.] 1994), *aff'd,* 931 S.W.2d 564 (Tex.Crim.App.1996), wherein the court held that in order for counsel's failure to object to be ineffective assistance of counsel, the appellant must demonstrate that if counsel had objected, the court would have erred in overruling the objection.

available as a witness. As the State noted, in this case, the declarant would have been Jonathan who, due to his murder, was unable to testify as to his age.

The State argues that because Jeffrey Love lived with Jonathan from two to three years, he was a close family associate who was familiar with the child's family history. The fact that Love had been a close friend of the Alexander family for three years also adds to his knowledge of the family. Love also testified he had known Jonathan for three of the four years the child was alive. All of these facts lend credibility to the State's contention supporting Love's testimony.

■ After examining the evidence, we conclude that Love was qualified under the circumstances to give a hearsay answer concerning Jonathan's age. TEX. R. CRIM. EVID. 803(19) & 804(b)(3)(A). Even if appellant's counsel had objected, the court would not have erred in overruling the objection. Thus, although it was the appellant's burden to show his counsel failed to make a valid objection, the State has shown that the objection, which the appellant complains was not made, would have been made to no avail.

Unlike the facts in *Owens*, the appellant's case is not a case where counsel failed to lodge an objection to clearly inadmissible evidence, which was the only evidence of his guilt. Not only was Love's testimony admissible, but there was other ample evidence to prove that the appellant committed a capital murder while participating in a robbery. Counsel is not ineffective for failing to object to admissible evidence. *Hunnicutt v. State*, 531 S.W.2d 618, 624 (Tex.Crim.App.1976); *Carmona v. State*, 880 S.W.2d 227, 236 (Tex. App.—Austin 1994, no pet.); *Blevins v. State*, 884 S.W.2d 219, 228–29 (Tex.App.—Beaumont 1994, no pet.).

The State also argues that even if the objection to Love's testimony was merited, appellant's counsel was not ineffective unless his failure to object could not be attributed to sound trial strategy. *Jackson*, 877 S.W.2d at 771; *Delrio v. State*, 840 S.W.2d 443, 447 (Tex.Crim.App.1992). As noted in *Owens*, counsel's failure to object to arguably admissible evidence may be strategic. It is the appellant's burden to show that counsel's failure to object was not sound trial strategy. *Jackson*, 877 S.W.2d at 771; *Delrio*, 840 S.W.2d at 447 n. 7. In *Jackson*, the court found that, consistent with *Strickland*, the court must presume that the trial counsel is better positioned than an appellate court to judge the pragmatism of the effectiveness of the objection. The appellate court should thus assume that trial counsel made all significant decisions in the exercise of reasonable professional judgment. As an appellate court we should not speculate as to why trial counsel acted as he did. It is the appellant's burden to show counsel acted outside the wide range of reasonably professional judgment.

The record is silent as to why counsel did not object to Love's answer that Jonathan was four years old. The appellant has thus failed to sustain his burden by showing his counsel's actions were not sound trial strategy. *See Delrio*, 840 S.W.2d at 447. Although it was not the State's burden, it has provided the Court with argument and authority showing strategic reasons for counsel's failure to object. First, the State notes it is doubtful that the objection would have been sustained. Second, the State could have proven Jonathan's age from other sources. Thus the objection, even if sustained, would probably not have precluded the State from proving Jonathan's age. The record is thus not only silent as to why counsel's decision not to object was sound trial strategy, but this court can glean from the record evidence that the failure to object was part of a sound trial strategy. We thus cannot find that the appellant's counsel rendered ineffective assistance by not objecting to Love's testimony concerning Jonathan's age. The appellant was not denied effective assistance of counsel as guaranteed under the Sixth Amendment of the United States Constitution or under article I, section 10 of the Texas Constitution. The point of error is overruled and the judgment is affirmed.