James R. Shook v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-259-CR

     JAMES R. SHOOK,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 82nd District Court
Falls County, Texas
Trial Court # 6898
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Appellant, James Shook, was convicted by jury of theft by check of property valued $1,500
or more but less than $20,000. See Tex. Pen. Code Ann. § 31.03(a), (e)(4)(A) (Vernon 1994
& Supp. 1998). The jury set punishment at two years’ confinement in a state jail facility and a
$5,000 fine. See Tex. Pen. Code Ann. § 12.35 (Vernon 1994). The trial judge suspended this
sentence and placed Shook on community supervision for five years. Shook now appeals his
conviction by three points of error alleging that there were errors in the court’s charge and that
his trial counsel provided ineffective assistance.
 
I. Factual Background
      In November 1994, Shook wrote two $500 checks which he made payable to Craig Ray, an
individual who worked on Shook’s ranch. At the same time, Shook wrote another $500 check
which was payable to Cody Wilton, who also was a worker on Shook’s ranch. At Shook’s
direction, Ray and Wilton cashed these three checks at a local grocery store and returned the
money to Shook. In December 1994, Onesimo Benitez cashed a $250 check at the same grocery
store, but the State could not locate Benitez before trial to learn if this money was returned to
Shook. 
      When these four checks were presented to Shook’s bank for payment, they were returned
because Shook did not have sufficient funds in his account to cover the amounts of the checks. 
At trial, the State called an employee from Shook’s bank who testified that at the time these checks
were written Shook’s bank account had a negative balance of between $851.30 and $1,253.74. 
      After the checks were returned, Shook failed to pay either the grocery store or the district
attorney’s office for the returned checks. Thus, the State aggregated the amounts of the four
checks and charged Shook with theft by check of property valued $1,500 or more but less than
$20,000. See Tex. Pen. Code Ann. § 31.03 (Vernon 1994 & Supp. 1998).
      At trial, the State had several witnesses testify regarding the authenticity of Shook’s signature
on the checks. Two individuals from Shook’s bank testified that they were familiar with Shook’s
signature and identified the signature on all four checks as being signed by James Shook. The
State also called a handwriting expert to testify about Shook’s signature on the four checks. After
obtaining a handwriting sample from Shook, Dale Stobaugh, a DPS expert on handwriting
analysis, concluded that there was a strong probability Shook signed one of the checks and there
were indications that he signed the other three, but these indications were not strong enough to
specifically match the checks to Shook.
      At trial, Shook did not put on any witnesses but rested at the conclusion of the State’s case
in chief. The jury proceeded to find Shook guilty of theft by check, and Shook appeals this
conviction.
II. Points of Error
A. Separate Verdicts 
      In his first point of error, Shook contends that the court’s charge contained error because it
did not allow the jury to render a verdict as to each of the four checks. Shook argues that if the
jury had been allowed to render a separate verdict on each check they could have found him not
guilty as to one or more of the checks, which could result in a conviction on the lesser-included
offense of theft under $1,500. We disagree.
      The Penal Code allows the State to aggregate the amounts of property involved in thefts
pursuant to one scheme or continuing course of conduct, and once aggregated, the separate
instances of theft are considered to be part of a single offense. See Tex. Pen. Code Ann. § 31.09
(Vernon 1994); Lehman v. State, 792 S.W.2d 82, 85 (Tex. Crim. App. 1990). At trial, the State
is not required to prove each individual theft; it must only prove that the value of the property
stolen meets the aggregate value allegation in the indictment. See Lehman, 792 S.W.2d at 84-85;
Harrell v. State, 834 S.W.2d 540, 543 (Tex. App.—Houston [14th Dist.] 1992, pet. ref’d). When
various thefts have been aggregated by the State, a defendant is not entitled to sever the various
offenses. See Brown v. State, 640 S.W.2d 275, 278 (Tex. Crim. App. [Panel Op.] 1982); Wages
v. State, 573 S.W.2d 804, 806 (Tex. Crim. App. [Panel Op.] 1978); Skillern v. State, 890 S.W.2d
849, 873 (Tex. App.—Austin 1994, pet. ref’d). 
      Similarly, we conclude that a defendant is not entitled to a separate verdict from the jury
regarding each individual theft which was alleged in the indictment. Once individual thefts have
been aggregated by the State into a single offense, the State is not required to prove each theft but
only to prove that the value of the property stolen meets the aggregated value amount pled in the
indictment. Therefore, the trial court did not err in refusing to submit a charge to the jury which
required the jury to make a separate guilt finding as to each of the four checks. Shook’s first point
is overruled. 
B. “Mere Presence” Instruction
      By his third point of error, Shook complains that the trial court erred in not including a “mere
presence” instruction in the charge. Because Shook failed to request that this instruction be
included in the court’s charge or to object to its omission, we review whether the trial court’s
failure to include this instruction in the charge was a “fundamental error” that was “so egregious
and created such harm that [the defendant] ‘has not had a fair and impartial trial.’” Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); see Skinner v. State, 956 S.W.2d 532, 544
(Tex. Crim. App. 1997); Mata v. State, 939 S.W.2d 719, 722 (Tex. App.—Waco 1997, no pet.).
      Shook argues on appeal that a “mere presence” instruction should have accompanied the
court’s instruction on the law of parties because this would have informed the jury that an
individual’s presence at the scene of an offense, by itself, is insufficient to make that person a
party to the crime. However, no evidence was presented at trial which suggested that Shook was
present at the time of the theft, but not a party to the crime. Therefore, the trial court did not err
by not including this instruction in the charge because it was not raised by the evidence presented
at trial. See Golden v. State, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993) (stating that a
defendant is entitled to an instruction regarding mere presence being insufficient to corroborate
accomplice-witness testimony “if such is raised by the evidence”); Mitchell v. State, 650 S.W.2d
801, 809 (Tex. Crim. App. 1983) (finding no reversible error in the trial court’s refusal to instruct
the jury on “mere presence” because the defendant did not testify and the evidence did not raise
the issue of “mere presence”); see also Green v. State, 880 S.W.2d 797, 802 (Tex.
App.—Houston [1st Dist.] 1994, no pet.) (concluding that an instruction on “mere presence” was
not required).
      Furthermore, even if this issue was raised by the evidence, it is apparent that the absence of
this instruction in the charge did not egregiously harm Shook such that he was deprived of a fair
and impartial trial. In the instant case, the jury charge instructed the jurors that to be criminally
responsible for the conduct of another, an individual must act with the intent to promote or assist
the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid
the other person to commit the offense. See Tex. Pen. Code Ann. § 7.02 (a)(2) (Vernon 1994). 
The charge also instructed the jury on the elements of theft, stated that the defendant had to act
intentionally or knowingly, and the charge correctly placed the burden of proof on the State. 
      Shook’s third point is overruled. We do not believe the court erred by not including a “mere
presence” instruction in the charge because this issue was not raised by the evidence. But, even
assuming that this issue was raised by the evidence, we do not believe that the omission of a “mere
presence” instruction in the charge egregiously harmed Shook or deprived him of a fair and
impartial trial. 
C. Ineffective Assistance of Counsel 
      Shook’s second point of error seeks a reversal of his conviction because his trial counsel
provided ineffective assistance. Shook contends that his trial attorney: (1) failed to object to the
State’s discussion of new evidence in closing argument, (2) neglected to request Rule 404(b) notice
and allowed evidence at trial that Shook had written other checks which were returned for
insufficient funds, (3) failed to object to hearsay testimony, (4) erred by not requesting a “mere
presence” instruction, and (5) did not object to the application paragraphs in the charge which
allowed Shook to be convicted as the primary actor. 
      The effectiveness of counsel at the guilt-innocence stage of a trial is measured by the standard
articulated in Strickland v. Washington by the United States Supreme Court. 466 U.S. 668, 104
S.Ct 2052 (1984); see Austin v. State, 934 S.W.2d 672, 675 (Tex. Crim. App. 1996); Owens v.
State, 916 S.W.2d 713, 716 (Tex. App.—Waco 1996, no pet.). Strickland provides a two-prong
test for judging ineffective assistance claims. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064;
Henderson v. State, 962 S.W.2d 544, 557 (Tex. Crim. App. 1997); Owens, 916 S.W.2d at 716. 
First, we must determine if counsel failed to provide “reasonably effective assistance,” and
second, the court must assess whether there is a reasonable probability that the results of the trial
would have been different but for counsel’s errors. Austin, 934 S.W.2d at 675; Owens, 916
S.W.2d at 716. 
      Counsel fails to provide “reasonably effective assistance” if his assistance falls “below an
objective standard of reasonableness under prevailing professional norms.” Id. On appeal, we
presume trial counsel has provided effective assistance unless the appellant overcomes this
presumption and affirmatively demonstrates that his counsel’s performance at trial was deficient. 
Williams v. State, 946 S.W.2d 886, 904 (Tex. App.—Waco 1997, no pet.); Owens, 916 S.W.2d
at 717. We review an attorney’s decisions at trial deferentially, recognizing that an attorney’s
decisions are “based upon the circumstances as they appeared at the time of representation.” 
Henderson, 962 S.W.2d at 557. 
1. Failure to Object to the State’s Closing Argument
      Shook complains about his trial counsel’s failure to object to the following argument in the
State’s closing:
Now, they have the same right to call witnesses as anybody else. It’s not unheard
of [for] them to bring in their own handwriting expert, and here it’s true we have the
burden of proof. You heard Mr. Stobaugh talk about these other labs. If there had been
a forgery affidavit on file with the bank, don’t you think they would have produced it? 
Oh, yeah. Here’s where he said it wasn’t his signature. Here’s where he said it would
deny it. Oh, yeah, Mr. Shook did not write those checks. Don’t you think they would
have done it?

Shook maintains that this argument improperly comments on his failure to call a handwriting
expert and suggests to the jury that the reason for this failure is that other handwriting labs would
have identified Shook as the writer of all four checks. Shook also contends that this argument
wrongly attributes statements to him when he never testified at trial. 
      During closing argument, it is permissible for the prosecutor to comment on the failure of a
defendant to call a “competent and material” witness who was available to testify at trial. See
Albiar v. State, 739 S.W.2d 360, 362-63 (Tex. Crim. App. 1987) (“The failure to produce
available evidence justifies an inference that it would be unfavorable to the defendant.”); Ellis v.
State, 877 S.W.2d 380, 384-85 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Therefore, we
do not believe Shook’s trial counsel was ineffective for failing to object to the State’s comment that
Shook could have called his own handwriting expert.
      In making its closing argument, the State is permitted to summarize the evidence, make
reasonable deductions from the evidence, respond to opposing counsel’s arguments, and to make
a plea for law enforcement. See Smith v. State, 898 S.W.2d 838, 845 (Tex. Crim. App. 1995);
Williams v. State, 948 S.W.2d 954, 957 (Tex. App.—Waco 1997, pet. ref’d). At trial Dale
Stobaugh, the State’s handwriting expert, testified that the DPS lab where the checks were
examined was a conservative lab as compared to others around the country, and he believed other
labs may have positively identified the checks as being written by Shook when he was unwilling
to do so. Thus, the State was allowed to summarize this testimony in closing. Shook’s attorney
was not ineffective for failing to object to the prosecutor’s reference to the “other labs.”
      Shook further argues that the State’s closing wrongly attributes statements to him. We
disagree. At trial, Linda Scott, an employee at Guaranty Federal Bank, testified that when a
customer claims a check has been forged, the bank has the customer sign a forgery affidavit, and
she did not recall Shook’s file containing any such affidavit from Shook. Then, in closing, the
State argued that if Shook had ever signed such an affidavit, the bank would have produced it, and
it would have contained a written denial from Shook that the checks were written by him. We do
not believe this argument suggests that Shook actually made statements which he did not; it only
discusses what the forgery affidavit would have contained if Shook had filed one with the bank.
2. Failure to Request Rule 404(b) Notice and Object to Evidence
 About Shook’s Other Returned Checks 

      Next, Shook questions his attorney’s failure to request Rule 404(b) notice or to object to
evidence about other checks Shook had written which were returned for insufficient funds. See
Tex. R. Evid. 404(b). Shook apparently believes that if his attorney had requested Rule 404(b)
notice, evidence about Shook’s other returned checks could have been excluded from the trial. 
Shook also maintains that his counsel was ineffective for not objecting during trial to the State’s
questions about the other returned checks and for asking additional questions about those checks
on cross-examination. 
      However, because the evidence adduced at trial showed that Shook had previously paid for
his checks when they were returned for insufficient funds, it is plausible that Shook’s trial counsel
was pursuing a rational trial strategy in an attempt to convince the jury that Shook did not have
the intent to commit theft because in the past he had always paid for his returned checks. See
Clark v. State, 952 S.W.2d 882, 889 (Tex. App.—Beaumont 1997, no pet.) (failing to object to
extraneous conduct evidence falls within the realm of trial strategy); Castoreno v. State, 932
S.W.2d 597, 601 (Tex. App.—San Antonio 1996, pet. ref’d) (“Any error in trial strategy will be
deemed inadequate representation only if counsel’s actions are without any plausible basis.”). 
Thus, because counsel’s actions may have been governed by trial strategy, we will not consider
counsel ineffective for failing to object to evidence about Shook’s other returned checks or for
failing to request Rule 404(b) notice and then attempting to exclude evidence about the other
returned checks.
3. Failure to Object to Hearsay Testimony
      Shook further states that his attorney erred by failing to object to hearsay testimony from an
employee of the district attorney’s office who processes “hot” checks for the office. However,
the statement Shook references in his brief as being hearsay was elicited by his own attorney while
counsel was cross-examining the witness about her testimony that an individual may have actually
written a bad check even if the State’s handwriting expert cannot make a positive identification
based on handwriting analysis.


 We do not believe Shook’s attorney was ineffective for eliciting
this statement or for not objecting to the witness’ answer because it is possible that counsel was
pursuing a rational trial strategy in attempting to cast doubt on the witness’ credibility. See id. 
4. & 5. Alleged Charge Errors
      Finally, Shook complains that his attorney erred by not requesting a “mere presence”
instruction be included in the charge and by not objecting to the application paragraphs in the
charge which allowed Shook to be convicted as the primary actor. As discussed above, we have
already concluded that the evidence presented at trial did not raise an issue regarding Shook
merely being present at the scene of the theft while not being a party to the crime. Thus, Shook’s
counsel was not ineffective for failing to request this instruction. Additionally, even if Shook is
correct in his contention that no evidence suggests he “act[ed] alone” as the primary actor in
committing this offense, the charge informs the jurors in the application paragraph that Shook may
be convicted if he committed the offense of theft by “either acting alone or with another or others
as a party to the offense.” We do not believe that counsel was ineffective for not objecting to this
instruction because Shook could properly have been convicted as a party to this offense. See Ryan
v. State, 937 S.W.2d 93, 104 (Tex. App.—Beaumont 1996, pet. ref’d) (concluding that counsel
was not ineffective for failing to object to a similar instruction when the evidence presented at trial
showed that the defendant acted alone and not as a party).
      Shook’s second point of error is overruled. Shook has not affirmatively shown that his trial
counsel performed deficiently at trial. Moreover, even assuming arguendo, that counsel failed to
provide reasonably effective assistance, after reviewing the evidence presented at trial regarding
Shook’s guilt, we find that there is not a reasonable probability that the result of the trial would
have been different but for counsel’s errors. 
      The trial court’s judgment is affirmed. 
 
 
                                                                         BOBBY L. CUMMINGS
                                                                         Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 9, 1998
Do not publish