**Gloria Reyes LARGENT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–00–00641–CR.**

Court of Appeals of Texas, San Antonio.

Oct. 17, 2001.

Rehearing Overruled Nov. 13, 2001.

Chris Flood, Flood & Flood, Houston, for Appellant.

Dan McCrory, Asst. Dist. Atty., Houston, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice and SARAH B. DUNCAN, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

Gloria Reyes Largent ("Largent") appeals her conviction of aggravated theft. Largent raises twenty issues, asserting: (1) the trial court erred in admitting and excluding certain evidence; and (2) trial counsel rendered ineffective assistance of counsel. We overrule Largent's issues and affirm the trial court's judgment.

### BACKGROUND

Largent was convicted of aggravated theft based on her falsification of time records during her employment with Western Gas Resources. Largent was required to complete time sheets on a triplicate form every two weeks. After Largent's supervisor, Mary Saults, reviewed and signed the form, Largent was required to mail the original copy from the Houston office, where Largent worked, to the payroll department in Denver, Colorado. Largent kept one of the other copies of the form for her personal records, and she filed the other form for Saults. In October of 1997, Saults adopted a new policy requiring Largent to complete a more detailed time sheet because Saults was concerned with Largent's sporadic work hours. The more detailed time sheet was not sent to Denver but was kept by Saults internally.

Saults testified that she only approved overtime work for Largent on three occasions. In March of 1998, Saults discovered that Largent had been paid for a tremendous amount of overtime. Saults testified that when she signed the time sheet form, no overtime was recorded; however, the time sheet form that was mailed to Denver had numerous overtime hours recorded. Comparing the other two copies of the time sheet form, Saults discovered that one copy had only regular hours recorded, while the other copy had overtime. Evi-

dence was presented that Largent was paid $34,049.71 for 1,848 hours of unsupported overtime.

### EVIDENCE

In her first two issues, Largent contends that the trial court erred by admitting copies of time sheets offered by the State while excluding copies of time sheets offered by Largent. We review a trial court's ruling admitting or excluding evidence under an abuse of discretion standard, "meaning that we will uphold the trial court's decision if it is within 'the zone of reasonable disagreement.' " *Salazar v. State*, 38 S.W.3d 141, 154 (Tex.Crim.App. 2001).

Largent first complains that the trial court erred in admitting copies of the formal time sheets and detailed time sheets, as opposed to the original documents. Rule 1004 of the Texas Rules of Evidence provides that the original is not required when no original is located in Texas. TEX.R. EVID. 1004. Because the original formal time sheets were located in Denver, the copies were admissible under rule 1004. *See id.; see also Vitiello v. State*, 848 S.W.2d 885, 887 (Tex.App.— Houston [14th Dist.] 1993, pet. ref'd). In addition, rule 1004 states that the original is not required if all originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith. TEX.R. EVID. 1004. Saults testified that the original detailed time sheets had been lost, and no evidence was presented that the detailed time sheets were lost in bad faith. The copies of the detailed time sheets were admissible. *See Mills v. State*, 802 S.W.2d 400, 403 (Tex.App.— Houston [1st Dist.] 1991, pet. ref'd) (admitting duplicate because no evidence presented that original was lost in bad faith).

Largent further complains that the trial court erred in excluding copies of time sheets she offered into evidence. Largent's copies of the time sheets were different than the copies presented by the State. The State offered its copies of the time sheets under the business records exception to the hearsay rule. *See* TEX.R. EVID. 803(6). No similar exception to the hearsay rule was proffered for the records Largent sought to introduce. *See Halstead v. State*, 891 S.W.2d 11, 12 (Tex. App.—Austin 1994, no pet.) (noting rule 1002 is not an independent basis for admitting hearsay). Because the records were kept by Largent, they were not kept in the course of a regularly conducted business activity, and the trial court did not abuse its discretion in excluding the records from evidence.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Largent raises eighteen issues regarding ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel point of error, Largent must demonstrate by a preponderance of the evidence that: (1) counsel's performance was so deficient as to fall below an objective standard of reasonableness; and (2) Largent was prejudiced, i.e., a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813. To defeat this presumption, any allegation of ineffectiveness must be firmly founded in the record, with the record affirmatively demonstrating the alleged ineffectiveness. *Id.* at 814.

An appellate court looks to the totality of the representation and the par-

ticular circumstances of each case in evaluating the effectiveness of counsel. *Id.* at 813. Largent must overcome the presumption that the challenged act or omission might be considered sound trial strategy. *Chambers v. State*, 903 S.W.2d 21, 33 (Tex.Crim.App.1995). We do not view trial counsel's performance with hindsight. *Delrio v. State*, 840 S.W.2d 443, 445 (Tex. Crim.App.1992). The fact that another attorney might have pursued a different course of action or tried the case differently will not support a finding of ineffective assistance of counsel. *Owens v. State*, 916 S.W.2d 713, 717 (Tex.App.—Waco 1996, no pet.)

■ Largent asserts that trial counsel was ineffective in failing to introduce phone records which placed her at work during the times the State alleged she was not at work. Trial counsel testified at the hearing on Largent's motion for new trial that he reviewed those phone records and determined that they would not assist in the presentation of Largent's defense. The fact that another attorney might have used the phone records does not support a finding of ineffective assistance of counsel. *Owens*, 916 S.W.2d at 717.

■ Largent also asserts that trial counsel was ineffective in advising her that the trial court could grant her deferred adjudication when deciding whether to proceed before the court or the jury for punishment. Largent and her husband testified that trial counsel advised Largent regarding the availability of deferred adjudication; however, trial counsel testified that he did not make such a statement. Because the trial court could have weighed the credibility determination in favor of trial counsel, the testimony does not support a finding of ineffective assistance. *See Weaver v. State*, 999 S.W.2d 913, 916 (Tex.App.—Waco 1999, no pet.).

■ Largent further complains that trial counsel failed to object to hearsay testimony and improper argument, failed to request a limiting instruction, and failed to object to the characterization of her prior deferred adjudication defense as a conviction. All of these complaints could be counsel error, but they might not be, depending upon the situation. We do not know what trial counsel's strategy was. He was never questioned about them at the hearing on Largent's motion for new trial. The record is silent. Because these allegations are not firmly founded in the record, Largent has failed to overcome the presumption that trial counsel rendered reasonable professional assistance. *Thompson*, 9 S.W.3d at 813–14.

### CONCLUSION

The judgment of the trial court is affirmed.