Marcus **CUYLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–91–464–CR.

Court of Appeals of Texas,
Austin.

Nov. 18, 1992.

Janet P. Prueitt, Christopher & Prueitt, Austin, for appellant.

Ronald Earle, Dist. Atty., William G. Reid, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

A jury found appellant guilty of sexual assault.[1] The district court assessed punishment, enhanced by a previous felony conviction, at imprisonment for thirty years.

Appellant and the complaining witness were friends and coworkers, and appear to have seen each other socially on various occasions. On the evening of November 7, 1990, appellant dropped by the complainant's residence and asked to talk to her. She got in his car and, after some conversation, appellant drove to his apartment. They went inside and sat on the couch. After further small talk, appellant told the complainant that he liked her and would marry her "in a heart beat," and began to stroke her hair. The complainant asked appellant to stop playing with her hair. When he continued, she slapped him. Appellant then told the complainant to take off her clothes. She refused. He became angry and began to strike her and pull her hair. Appellant dragged the complainant into the bedroom, where he continued to hit her. While holding the complainant down on the bed with his knees, appellant forced his penis into her mouth. He then pulled her pants down and penetrated her vagina.

 In his second point of error, appellant contends the district court erred by refusing his request for a charge on assault. An instruction on a lesser offense is required if it is included within the proof necessary to establish the offense charged and if there is evidence that the defendant, if guilty, is guilty only of the lesser included offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (opinion on rehearing). For this opinion, we will assume that assault is a lesser included offense of sexual assault.

Appellant urges that the testimony of defense witness Jeannie Rodgers, a friend of both appellant and the complainant, raised an issue as to whether he was guilty only of assault. Rodgers testified that she talked to the complaining witness several times after she reported the sexual assault.

Q. Now, last November did you have a discussion with her about her claim that she was raped by Marcus?

A. Yes.

Q. Okay. Did you talk to her on more than one occasion?

A. Yes.

Q. When you talked to her on the first occasion was this in November?

A. Yes.

Q. Okay. And the first time that you talked to her what did she tell you about what happened?

A. She told me Marcus had raped her.

Q. What else did she say?

A. Then she said that—something came out about he had hit her so I asked her, "Carrie, why did he hit you?"

Q. Yeah.

A. And she said, "Well, because when we were making love he pulled my hair and I told him not to pull it and he pulled it." So, she slapped him and he hit her.

Q. And was that her words, "while we were making love"?

A. Yes. Those were her words. To me.

Q. Did you talk to her on a second occasion?

A. Yes.

Q. What did she tell you that time?

---

1. Act of May 29, 1983, 68th Leg., R.S., ch. 977, sec. 3, § 22.011, 1983 Tex.Gen.Laws 5311, 5312, *amended by* Act of May 17, 1985, 69th Leg., R.S., ch. 557, § 1, 1985 Tex.Gen.Laws 2159, 2159, *amended by* Act of May 29, 1987, 70th Leg., R.S., ch. 1029, § 1, 1987 Tex.Gen.Laws 3474, 3474 (Tex.Penal Code Ann. § 22.011, since amended).

A. She told me that—I asked her—I didn't understand why he had hit her so I kept asking her, "Why did he hit you?"

Q. Yeah.

A. And she said—she said, "Well, you know sometimes when you make love people, you know, the guy will talk dirty?" I said, "Yes." She said, "Well, he was talking dirty and I didn't like it so I slapped him and he hit me back."

. . . . .

Q. And where did you talk to her the third time?

A. At my house.

. . . . .

Q. Okay. Did she tell you a different story at that time?

A. She did.

Q. Did she tell you at that time that she was raped?

A. She did.

Q. Did she tell you the same story she had told you before?

A. No.

Appellant argues that the complainant's description of the incident to Rodgers, particularly her use of the term "making love," suggests that the sexual intercourse was consensual, and that appellant assaulted the complainant after she slapped him for pulling her hair and "talking dirty."

█ The State argues that Rodgers's testimony was not direct evidence, but merely impeachment of the complaining witness, and thus could not support a conviction for the lesser offense. *See Carroll v. State*, 158 S.W.2d 532 (Tex.Crim.App. 1942). We find this argument to be without merit. The complainant's statements to Rodgers were admissions by a party opponent. Tex.R.Crim.Evid. 801(e)(2)(A). Whatever continuing validity the opinion in *Carroll* may have, we conclude that it is not applicable to this cause.

█ We do agree with the State that Rodgers's testimony did not raise an issue as to consent, and thus did not warrant an instruction on assault. Appellant's point of error is based on the complaining witness's use of the term "making love." We agree

that this is not a term one ordinarily associates with sexual assault. But in deciding whether the lesser included offense was raised, this term "cannot be plucked out of the record and examined in a vacuum." *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim.App.1986). The complainant's use of this phrase must be viewed in context, and the context shows that she consistently maintained to Rodgers that she was the victim of a sexual assault. Rodgers testified that during their initial conversation, the complainant told her that appellant raped her. There is no evidence that the complainant ever told Rodgers that she consented to sexual intercourse with appellant. In context, the complainant appears to have used "making love" to refer to the act of sexual intercourse. We believe that her use of the phrase, standing alone, does not raise the issue of consent.

Appellant refers us to opinions in which it is said that if the evidence raises two inferences, and if one of those inferences supports the conclusion that the defendant is guilty only of a lesser included offense, an instruction on the lesser offense is required. *Saunders v. State*, 840 S.W.2d 390 (Tex.Crim.App.1992); *Thomas v. State*, 699 S.W.2d 845, 851 (Tex.Crim.App.1985). In these opinions, the issue was the defendant's awareness of the risk associated with the use of a loaded firearm. Assuming that these opinions support a rule of more general application, we hold that Rodgers's testimony does not support the inference that appellant assaulted the complaining witness during an act of consensual sexual intercourse. Point of error two is overruled.

In his first point of error, appellant urges that the district court erred by sustaining the State's objection to testimony by Rodgers describing "subsequent sexual behavior" by the complaining witness. In a bill of exceptions, Rodgers testified that the complainant "slept with" four men after the alleged sexual assault. Specifically, Rodgers said she saw the complainant in bed with a man named Marsalino two weeks after the incident with appellant, and that the two were "kissing and carrying on"; that after the alleged sexual assault, Rodgers "set [the complainant] up

with" a man named Martin and that the complainant later told Rodgers that she slept with him; that the complainant was sleeping with her former husband, Juan, both before and after the sexual assault; and that the complainant told Rodgers a few weeks after the assault that she had slept with "a cowboy from K–Mart." Rodgers also answered affirmatively when asked if the complainant "[had] a habit of sleeping with a lot of people, both before and after the incident."

■ In a prosecution for sexual assault, evidence of the complaining witness's "past sexual behavior" is strictly limited. Tex. R.Crim.Evid. 412. The rule prohibits any opinion or reputation evidence concerning the complainant's past sexual behavior, and permits evidence of specific instances of the complainant's past sexual behavior only in certain limited situations and only after the trial court has determined that the probative value of the evidence outweighs the danger of unfair prejudice. Tex.R.Crim. Evid. 412(a), (b). Appellant contends that Rule 412 does not apply in this cause because the term "past sexual behavior" refers to conduct predating the alleged offense. The proffered testimony, argues appellant, was outside the scope of Rule 412 because it concerned the complainant's "subsequent sexual behavior," that is, conduct after the alleged offense. We find appellant's argument to be unpersuasive.

Rule 412 is derived from the "rape shield statute" enacted by the legislature in 1975. Act of May 15, 1975, 64th Leg., R.S., ch. 203, § 3, 1975 Tex.Gen.Laws 476, 477 (Tex.Penal Code Ann. § 21.13, later amended and recodified as Tex.Penal Code Ann. § 22.065, since repealed). Before the statute was enacted, sexual assault victims often found themselves subjected to abusive, embarrassing, and irrelevant inquiries into their private lives, with the result that many sexual assault victims chose not to report the attack rather than face such questioning. See 33 Steven Goode, Olin G. Wellborn II, and M. Michael Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal* § 412.1 (Texas Practice 1988). Rule 412, like its predecessor statute, represents an explicit decision to eliminate trial practices that may have frustrated society's vital interest in the prosecution of sexual crimes. *Allen v. State*, 700 S.W.2d 924, 929 (Tex.Crim.App.1985).

■ In light of the purposes underlying Rule 412, this Court can think of no logical reason to exclude from its coverage what appellant calls "subsequent sexual behavior." Evidence of a complaining witness's sexual behavior after an alleged sexual assault is no less embarrassing or prejudicial to her, and is of no greater relevance at trial, than evidence of her sexual behavior before the alleged offense. The corresponding federal rule of evidence from which Rule 412 is derived defines "past sexual behavior" to mean "sexual behavior other than the sexual behavior with respect to which" the offense is alleged. Fed. R.Evid. 412(d).[2] Courts in other states having similar rape shield statutes or rules have interpreted references to past sexual behavior to include conduct after the alleged crime. 23 Charles A. Wright and Kenneth W. Graham, *Federal Practice and Procedure* § 5384 n. 27 (Supp.1992) (collecting cases). We believe that the point of reference of Rule 412 is the date of trial, and that "past sexual behavior" means sexual behavior that occurs before trial. We hold that in a prosecution for sexual assault or other offense to which it applies, Rule 412 governs the admission of *all* evidence of extraneous sexual behavior of the complaining witness, including sexual behavior that occurs after the alleged offense.[3]

2. While we believe that "past sexual behavior" is properly understood to mean any sexual behavior of the complaining witness other than that forming the basis for the charged offense, we encourage the Court of Criminal Appeals to clarify Rule 412 by adding a definition similar to that found in the federal rule or by substituting "other sexual behavior" for "past sexual behavior."

3. We are familiar with the opinions in *Rankin v. State*, 821 S.W.2d 230, 233 (Tex.App.—Houston [14th Dist.] 1991, no pet.) and *Chew v. State*, 804 S.W.2d 633 (Tex.App.—San Antonio 1991, pet. ref'd). To the extent that these opinions hold, expressly or by implication, that Rule 412 applies only to the complaining witness's sexual behavior before the alleged offense, we decline to follow them. We note that in neither case was this holding essential to the result reached.

At trial, defense counsel urged that the proffered testimony showed the complainant's "sexual character," arguing that "it was, I would say, border [sic] on promiscuity and I think the jury is entitled to know. I think this is relevant to her character." In his brief, appellant repeats this argument, saying that the specific instances of sexual conduct he sought to introduce in evidence were relevant to the character of the complainant for open promiscuity and lack of truthfulness. Proof of the victim's character, however, is not one of the purposes for which evidence of extraneous sexual behavior is admissible under Rule 412. Tex.R.Crim.Evid. 412(b)(2).

Appellant also argues that the exclusion of the proffered testimony denied him his constitutional right to confront the witnesses against him. Assuming its probative value outweighs its potential for unfair prejudice, evidence of specific instances of sexual behavior of the complaining witness is admissible if it relates to the motive or bias of the complainant or if it is otherwise constitutionally required. Tex.R.Crim.Evid. 412(b)(2)(C), (E). We do not reach the merits of this contention, as appellant did not present this constitutional claim to the district court. Tex.R.App.P. 52(a). The first point of error is overruled.

The judgment of conviction is affirmed.