Marvin HALSTEAD, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–93–557–CR.

Court of Appeals of Texas, Austin.

Dec. 21, 1994.

David A. Schulman, Schulman & Krug, Austin, for appellant.

Ronald Earle, Dist. Atty., Robert Smith, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated sexual assault of a child and assessed punishment at imprisonment for twenty-eight years. Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex.Gen.Laws 2275, *amended by* Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex.Gen.Laws 80 (Tex.Penal Code Ann. § 22.021, since amended). We will affirm.

The complaining witness was the daughter of Amelia Moreno. Appellant lived with Moreno and her children for four years until Moreno's death in 1990, and the children continued to live with appellant thereafter. Although appellant and Moreno were not formally married, there is evidence from which it might be inferred that their relationship was a common-law marriage. The incident on which this prosecution is based occurred in July 1988, when the complainant was twelve years old.

■ In his first point of error, appellant complains of the district court's refusal to admit in evidence a letter written by the complainant in which she asked to remain with appellant after her mother died. The complainant was questioned about the letter during cross-examination.

Q But shortly before your mother died, isn't it true that you wrote a letter to whom it may concern, asking that you not be sent to live with other relatives?

A No.

Q Do you recall that?

A Yes, I did. Yes, I did.

Q Do you recall asking in this letter that in the event of your mother's death that you are allowed to stay in the custody of Marvin Halstead?

A Yes, I did.

Q And did you also state that you had come to care for him because he has always been there for you?

A I did.

Q And you also love him very much and it would hurt both of us deeply if someone tried to take you away from him?

A Yes, I did.

Q You also stated that if you were placed with any other relatives, you felt that you may be abused and neglected?

A Yes, I did.

Q And you also further stated that it is your wish to stay in the custody of your father Marvin, you will not live with anyone else, is what you said, you refused to live with anyone else, correct?

A Yes, I did.

Q And you said you were writing that letter because of the fear that you may be taken away from him, correct?

A Yes, I did.

Q And you ended that letter by saying these are my true feelings, correct?

A Yes, I did. Also, take into account, please, that my mother was right there. She was ill.

■ At this point, appellant offered the letter in evidence. Although the prosecutor did not state the basis for his objection, the court understood it to be that the letter was not admissible under Rule 612: "That is impeachment and she has been impeached. The basis of offering the original document is when she denies it. She hasn't denied a thing that you asked her." Tex.R.Crim.Evid. 612(a). Defense counsel urged that the letter was admissible "so that the jury can have documentary evidence of the things that were stated in this letter." On appeal, appellant repeats this argument, asserting that the letter itself was the best evidence of its contents. Tex.R.Crim.Evid. 1002.

■ Rule 1002 is not an independent basis for the admission of evidence. The letter was an out-of-court statement offered to prove the truth of the matters stated. As such, it was hearsay. Tex.R.Crim.Evid. 801(d).[1] The district court correctly ruled

---

1. In a previous opinion, this Court held that an out-of-court statement by a sexual assault victim was an admission by a party-opponent and therefore not hearsay. *Cuyler v. State*, 841 S.W.2d 933, 935 (Tex.App.—Austin 1992, no pet.); Tex. R.Crim.Evid. 801(e)(2). This holding has been criticized on the ground that the State, not the victim, is the party-opponent of the accused in a criminal proceeding. 2 Steven Goode, Olin Guy Wellborn III, & M. Michael Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal*

that the statements made in the letter were admissible only to impeach the complainant's testimony and that, because the complainant unequivocally admitted the statements, extrinsic evidence of the statements was not admissible. Rule 612(a). Point of error one is overruled.

■ The complainant testified that she had been sexually abused by three other men (her mother's former boyfriend and two uncles) before appellant and her mother began living together. In point of error two, appellant contends the district court erred by permitting Melissa Halstead, the complainant's sister who married appellant following the death of her mother, to testify that she also had been sexually abused by these men. Appellant objected that the challenged testimony was irrelevant and constituted improper bolstering. The district court overruled these objections, holding that the testimony was admissible to rehabilitate the complainant following impeachment.

The record supports the court's ruling. Defense counsel cross-examined the complainant about the other acts of abuse as follows:

Q Now, on these other abuse situations, I believe your testimony was that when—did you hate Michael Figueroa before he abused you?

A I hated him all the time. I didn't like him.

Q And let's talk about Michael MacArthur. How did you feel about him before he abused you?

A I didn't like him either, for the basic fact I couldn't even talk to my mom without him getting mad.

Q So you hated him, too?

A Yes.

Q And Jesse Guerrero, I believe you also testified, you hated him, didn't you?

A I didn't like him.

Q You hated him before he abused you?

A Yes.

Q And it wasn't until you started hating Marvin Halstead that you brought up these allegations to anybody, is it? Isn't that true?

A No, it is not true. Yes, I did not like him, but that is not why I brought—I didn't—that is—the only reason I said what I said was because I felt it was necessary for me in order for me to start healing. . . .

Q It wasn't because you just got so furious with Marvin Halstead you wanted to punish him and make sure he paid for the way he treated you or the way you thought he treated you?

A No, it is not that. He deserves everything.

Q Because you hate him, right?

A Because of what he did. Not because I hate him. Yes, I do hate him, but for what he did.

The district court could reasonably conclude that this questioning raised an issue whether the complainant had a history of making false accusations of sexual misconduct against men she did not like. Melissa Halstead's testimony describing her abuse at the hands of the same persons tended to rehabilitate the complainant on this point. Point of error two is overruled.

■ In his final point of error, appellant contends the district court erred by requiring Melissa Halstead to testify that she was appellant's wife. Appellant relies on the longstanding rule that it is impermissible to prove that a person accused of sexual assault is married unless that fact is relevant to some issue in the case. *Wilhoit v. State*, 638 S.W.2d 489, 492 (Tex.Crim.App.1982); *Johnson v. State*, 164 Tex.Crim. 204, 298 S.W.2d 132 (1957).

If the jurors had not been told that appellant was married to Melissa Halstead, it is likely they would have inferred it from her surname. Moreover, appellant did not object to testimony regarding his relationship with Amelia Moreno, including testimony that the complainant thought of appellant as her father. Appellant also testified that he had

§ 801.8 (Texas Practice 2d ed. 1993). Upon further consideration, we conclude that the complainant in a criminal prosecution is not a party within the meaning of Rule 801(e)(2) and that we erred by holding to the contrary in *Cuyler*. We

also note that the complaining witness's letter was not a "prior statement by witness" within the meaning of Rule 801(e)(1). Tex.R.Crim.Evid. 801(e)(1).

been married twice before he began cohabiting with Moreno. Because appellant's marital status was proved by other evidence, the district court did not err by overruling appellant's objection to the State's questioning of Melissa Halstead. *Lassere v. State*, 458 S.W.2d 81 (Tex.Crim.App.1970). Point of error three is overruled.

The judgment of conviction is affirmed.