John **LOGAN**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–01–175–CR.

Court of Appeals of Texas,
Fort Worth.

March 7, 2002.

Donald R. Scoggins, Dallas, for appellant.

Bruce Isaacks, Criminal District Attorney; Pamela Moore Lakatos, Susan Calvert, and Tracy Ho, Assistant District Attorneys, Denton, for appellee.

Panel F: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Appellant John Logan appeals from his conviction for assault involving family violence, a class A misdemeanor. TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2002). In one point on appeal, appellant asserts reversible error regarding the exclusion of the non-testifying complainant's affidavit of non-prosecution. We affirm the trial court's judgment.

### Factual Background

The State called only two witnesses at trial, the officers involved in appellant's arrest. Neither the complainant nor appellant testified. Officer Kenneth Lombardo, a Lewisville police officer, testified that the victim, Valerie Baker, flagged him down on September 23, 2000, around 12:45 a.m. Officer Lombardo testified that Baker, who was driving a Ford Thunderbird, was upset, crying, and scared. Over appellant's hearsay objection, Officer Lombardo testified to statements Baker made to him regarding a fight with her boyfriend, the appellant. Officer Lombardo testified that Baker said that appellant had tried to get her out of the car, had pulled her hair, and had slammed the car door on her arm and leg. Baker said appellant hurt her leg when he slammed the door shut on it. Baker also told Officer Lombardo that appellant had pulled on her arm and her hair. Baker had blood on her shirt that appeared to come from a cut on her right arm. Also, her left ankle was swollen. Baker told Officer Lombardo appellant was her live-in boyfriend. At the conclusion of the interview, Baker completed a written victim statement form that the State offered into evidence as State's exhibits 7, 8, and 8A. The trial court sustained appellant's hearsay objection to the admissibility of those exhibits.

Officer Lombardo also testified to statements appellant made to him when appellant walked up while he was interviewing Baker. As appellant approached, he was swearing at Baker and appeared to be angry and agitated. Appellant denied Baker's version of what had happened. He also denied that he and Baker had ever lived together. Officer Lombardo further testified that appellant smelled of alcohol, although neither he nor Baker appeared to be intoxicated.

Next, the State called Officer Billy Wilson, the second officer who arrived on the scene. Officer Wilson testified that he arrived while Officer Lombardo was interviewing appellant and Baker. Officer Wilson testified that appellant was upset and angry and that Baker was upset, crying, had shaking hands, and was limping. Officer Wilson also interviewed Baker. She was still crying, and Wilson testified to cuts on Baker's right forearm that were bleeding and redness and swelling of her left ankle. Baker told Officer Wilson that she and appellant began arguing in their tent at a nearby campground. The argument started because she forgot to make the bed that day. They drove to a nearby ATM where appellant withdrew $200 in cash to give to Baker to entice her to leave. When Baker refused to take the money and leave, appellant began pulling her arm, her hair, and slammed the door on her leg. Officer Wilson also took photographs of Baker's injuries. Baker told Officer Wilson she and appellant were living together at the campground near the lake because they had been evicted from their home in Plano.

On two separate occasions, appellant offered defendant's exhibit number 1, Baker's affidavit of non-prosecution signed January 17, 2001. Appellant first offered the affidavit during his cross-examination of Officer Lombardo under rule 801(e)(2)

as a statement by a party opponent. *See* TEX.R. EVID. 801(e)(2). The trial court sustained the State's hearsay objection. Later, during recross-examination, appellant again offered the affidavit, although this time under rule 806 for the purpose of attacking the credibility of a declarant regarding a declarant's statement. *See* TEX.R. EVID. 806. The State objected on the basis of improper predicate, hearsay, and relevance, and the trial court sustained the objection.

## Admissibility of Affidavit of Non–Prosecution

In appellant's sole point, he argues that the complainant's affidavit of non-prosecution should have been admitted as either a non-hearsay statement under Texas Rule of Evidence 801(e)(2) or as a statement attacking the credibility of the declarant under rule 806.[1]

## Discussion

When Officer Lombardo began to testify, appellant repeatedly objected to his testimony regarding statements the complainant made to him at the scene. When appellant objected, the court questioned the witness regarding the "time line," apparently in an effort to establish a time line as well as the demeanor of the complainant to overcome the hearsay objection based on rule 803(2)'s excited utterance exception. *See* TEX.R. EVID. 803(2). Officer Lombardo testified that he immediately stopped when the complainant flagged him down and immediately spoke with her regarding what had happened. Officer Lombardo also testified that she was still

upset, crying, bruised, with abrasions, and bleeding.[2] When appellant cross-examined Officer Lombardo, he offered complainant's affidavit of non-prosecution under rule 801(e)(2). The State raised a hearsay objection, which the trial court sustained.

Generally, hearsay is not admissible except as provided by statute or the rules of evidence. TEX.R. EVID. 802. Hearsay is generally defined as a statement, other than one made by the declarant while testifying at trial or hearing, offered into evidence to prove the truth of the matter asserted. TEX.R. EVID. 801(d). Appellant claims that Baker's affidavit of non-prosecution is not hearsay under rule 801's definition because it is an admission by a party opponent under rule 801(e)(2). *See* TEX.R. EVID. 801(e)(2). By definition, a statement is not hearsay if the statement is offered against a party and is that party's own statement. TEX.R. EVID. 801(e)(2)(A).

Rule of evidence 801(e)(2) excludes from the generic definition of hearsay a prior admission by a party opponent when a statement is offered against a party and is that party's own statement. *Id.* Specifically, that rule provides that a statement is not hearsay if it is offered against a party and is:

(A) the party's own statement in either an individual or representative capacity;

(B) a statement of which the party has manifested an adoption or belief in its truth;

(C) a statement by a person authorized by the party to make a statement concerning the subject;

(D) a statement by the party's agent or servant concerning a matter within the

---

1. At trial, appellant challenged the admissibility of Baker's verbal statements to Officer Lombardo on hearsay grounds, and his objection was overruled. Appellant does not challenge the admissibility of Baker's statements to the officers in his appeal.

2. Thus, Baker's statements were likely admissible under the excited utterance exception. However, because appellant does not challenge the admissibility of Baker's statements to the officers on appeal, we need not make that determination.

scope of the agency or employment, made during the existence of the relationship; or

(E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

TEX.R. EVID. 801(e)(2)(A)-(E).

In *L.M.W. v. State*, this court determined that statements of a *witness* were admissible in a criminal case as admissions by a party opponent. 891 S.W.2d 754, 765 (Tex.App.-Fort Worth 1994, no pet.). In that case, the defendant sought to introduce evidence that her husband had offered to influence the criminal proceedings in defendant's favor if she agreed to certain concessions in their divorce proceedings, in which they were opponents. *Id.* at 761–63. We held that the statements regarding the concessions made by the husband's attorney, husband's agent, were admissible as statements by a party opponent. *Id.* at 765. In reaching this conclusion, we relied on *Cuyler v. State*, 841 S.W.2d 933, 935 (Tex.App.-Austin 1992, no pet.) (holding statements made by a rape victim were admissions by a party opponent).

Since *Cuyler* and *L.M.W.* were handed down, the Third Court of Appeals has abrogated its holding in *Cuyler* and determined that a complainant in a criminal prosecution is not a party within the meaning of rule 801(e)(2). *Halstead v. State*, 891 S.W.2d 11, 12 n. 1 (Tex.App.-Austin 1994 no pet.); *see also Ramirez v. State*, 987 S.W.2d 938, 943 n. 2 (Tex.App.-Austin 1999, no pet.); *Owens v. State*, 916 S.W.2d 713, 717–18 (Tex.App.-Waco 1996, no pet.). The *Halstead* court held that, in a criminal case, the State, not the complainant, is the "party-opponent," and, therefore, the language in rule 613(a) favoring admission of testimony by "a party-opponent as defined in Rule 801(e)(2)" did not apply to a complainant's statement. TEX.R. EVID. 613(a);

*Halstead*, 891 S.W.2d at 12 n. 1. Recently, however, the First Court of Appeals held that victims' statements were an admission by a party opponent. *Willover v. State*, 38 S.W.3d 672, 676 (Tex.App.-Houston [1st Dist.] 2000, pet. granted). The court in *Willover* reasoned, "While the State is technically the 'party' in a criminal case, the complainant in a criminal case is analogous to a party." *Id.* (quoting *State v. Brown*, 29 S.W.3d 427, 434 (Tenn.), *cert. denied*, 531 U.S. 916, 121 S.Ct. 275, 148 L.Ed.2d 200 (2000)). According to the court in *Willover*, because rule 801(e)(2) includes statements made by persons aligned with the State, a victim's statement is an admission by a party opponent. *Id.* at 675 (discussing rule 801(e)(2)(B), (C), (D)).

Justices Jennings and Taft dissented separately from the court's denial of en banc review on the issue of whether a complainant's statement qualified as an admission by a party opponent. Justice Jennings stated:

Criminal actions are brought "In the name and by authority of the State of Texas." TEX.CODE CRIM. PROC. ANN. arts. 21.02, 21.21 (Vernon 1989). This is no mere legal fiction nor technicality. The prosecutor makes the charging decision, not the crime victim. The prosecutor represents the State, not the crime victim. Criminal cases are brought only after investigation by peace officers, prosecutors, and, in felony cases, grand juries, whose roles are clearly defined by statute. TEX.CODE CRIM. PROC. ANN. arts. 2.01–2.26, 19.01–19.42, 20.01–20.22 (Vernon 1977 & Supp.2001).

A crime victim is neither an agent nor servant of the State, but simply a complaining witness, who has absolutely no control over when and how the case is brought and developed by the State.

. . . .

To hold all complaining witnesses are "parties" under Texas Rule of Evidence 801(e)(2) will open a pandora's box, weakening the controlled courtroom conditions that assist the fact finder in ascertaining the truth. The majority's ruling will not only allow alleged contradictory statements of a complaining witness, but also any relevant alleged statements she made. A complaining witness should be subject only to proper impeachment as are other witnesses. Without the wisely crafted protection of the proper predicate required by Texas Rule of Evidence 613(a), it is not hard to imagine clever criminal defendants finding insincere friends to say, "The victim told me...."

Because the State, not the complaining witness, is in fact the party opponent of the accused and the complaining witness is not an agent of the State, out-of-court statements by the complaining witness should not be admissible against the State pursuant to Texas Rule of Evidence 801(e)(2). *Owens v. State,* 916 S.W.2d 713, 717–18 (Tex.App.-Waco 1996, no pet.); *Halstead v. State,* 891 S.W.2d 11, 12–13 n. 1 (Tex.App.-Austin 1994, no pet.); *see* 2A STEVEN GOODE ET AL., TEXAS PRACTICE: COURTROOM HANDBOOK ON TEXAS EVIDENCE 444 (2000).

*Id.* at 686 (Jennings, J., dissenting to denial of en banc review) (op. on reh'g).

■ We agree with the courts' opinions in *Halstead, Ramirez,* and *Owens* and with the dissenting opinions in *Willover.* The defendant and the State, not the complaining witness or witnesses, are party opponents. *See* TEX.R. EVID. 801(e)(2)(A). Unless the statements of a complaining witness specifically meet one of the requirements of rule 801(e)(2), the fact that a complaining witness has an interest in the State's success at trial does not make her an agent or a person authorized to make statements on behalf of the State. TEX.R. EVID. 801(e)(2)(C)-(D). Further, the fact that a complaining witness's statements exist does not necessarily mean that either the State or the defendant has adopted them. *See* TEX.R. EVID. 801(e)(2)(B). We hold that a statement by a victim or complainant in a criminal case is not admissible under rule 801(e)(2) as an admission by a party opponent. To the extent that our previous opinion in *L.M.W.* holds to the contrary, it is overruled. Thus, the trial court did not err in sustaining the State's hearsay objection to appellant's proffer of Baker's affidavit of non-prosecution under rule 801(e)(2).

## Statement Impeaching Declarant's Credibility

On recross of Officer Lombardo, appellant again offered the complainant's non-prosecution affidavit, this time under rule 806 of the rules of evidence. TEX.R. EVID. 806. Again, the State objected on hearsay grounds and additionally objected on the basis of an improper predicate and relevance. The trial court sustained those objections.

Under rule 806, if a hearsay statement has been admitted, the credibility of the declarant may be attacked, and if attacked may be supported by any evidence which would be admissible for those purposes if the declarant had testified as a witness. TEX.R. EVID. 806. The usual requirement of giving the declarant an opportunity to deny or explain an inconsistent statement is unnecessary. *Id.; see also* TEX.R. EVID. 613.

■ The affidavit of non-prosecution, if admitted for the sole purpose of impeachment by a prior inconsistent statement, would not fall within the definition of hearsay. *See* TEX.R. EVID. 801(d). If admitted for impeachment only, the affidavit would not be admitted as substantive evidence to

**870**

prove the truth of its contents, but only to show the inconsistencies between Baker's statements to the police and her recantation in the affidavit. *See* 2 STEVEN GOODE, ET AL., TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 801.3 (2d ed.1993). But because appellant did not "expressly offer[ ] the evidence for its limited, admissible purpose," he cannot complain of the affidavit's exclusion on appeal. TEX.R. EVID. 105(b); *see Jones v. State,* 843 S.W.2d 487, 498 (Tex.Crim. App.1992), *cert. denied,* 507 U.S. 1035, 113 S.Ct. 1858, 123 L.Ed.2d 479, (1993), *overruled on other grounds by Maxwell v. State,* 48 S.W.3d 196, 200 (Tex.Crim.App. 2001).

■ Also, there are statements in the affidavit which cannot be construed as being inconsistent with anything Baker told the officers. For example, Baker states in the affidavit that "it is my desire that John Logan not be prosecuted by the Denton County District Attorney's Office or any other law enforcement agency for this unfortunate incident and it is further my desire that I not be called upon to testify in this matter." Because this statement is not inconsistent with any of the officers' testimony concerning Baker's admissible hearsay statements, it cannot be a prior inconsistent statement under rule 806 and thus, is inadmissible hearsay.[3] Because the affidavit contained both admissible and inadmissible portions, offering the entire affidavit without specifying the admissible part means that the trial court did not abuse its discretion in excluding the entire affidavit. *See* TEX.R. EVID. 103(a)(2); *Jones,* 843 S.W.2d at 492–93.

## CONCLUSION

The affidavit of non-prosecution was not admissible under rule 801(e)(2) as a state-ment of a party opponent. Further, appellant did not specify the affidavit's limited, admissible purpose or offer only its admissible part. Accordingly, appellant's sole issue is overruled and the judgment of the trial court is affirmed.

---

**3.** Because Baker's wishes concerning the prosecution of Logan were not "in issue," this statement would also not be admissible under rule 803(3). *See* TEX.R. EVID. 803(3); GOODE, *supra,* § 803.6.