COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-050-CR
 
MERVIN LEO REAGAN                                                           APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant, Mervin Leo Reagan, appeals from his conviction for assault. 
In two points, appellant complains that the trial court erred by admitting 
hearsay testimony for the purpose of proving the identification of the 
complainant and the elements of the charged offense. We affirm. 
 
FACTS
        Officer Mary Moore, a Mansfield police officer, responded to a call of 
family violence around midnight on April 20, 2002. When she arrived at the 
home a woman answered the door, indicated that she was the victim of the 
assault, and identified herself as Gigi Reagan. Gigi told Officer Moore that 
during a fight over the volume of the television, her husband grabbed her 
around the neck, scratching her. She also told Officer Moore that her husband 
grabbed her by the hair and pulled her backwards. Officer Moore observed the 
scratches on Gigi’s neck. 
        Officer Moore’s training officer, Officer Ambreit, waited for backup to 
arrive. With the help of the backup officer, Officer Ambreit arrested appellant. 
Appellant told Officer Ambreit that although there had been an altercation over 
loud music, Gigi had attacked him while he was laying in bed. Gigi went to the 
doctor and was treated for abrasions and contusions to the neck. 
        The State charged appellant with misdemeanor assault. During trial, 
Officer Moore testified that she responded to a complaint of family violence at 
appellant’s house. Over a running objection, the trial court allowed Officer 
Moore to testify to what Gigi told her about the assault. Officer Moore testified 
that the woman who answered the door at appellant’s house identified herself 
as Gigi Reagan, the victim of the assault. Appellant objected to this testimony 
as hearsay and stated that the excited utterance exception did not apply. The 
trial court overruled appellant’s objection. 
        Officer Moore also testified that Gigi told her that “she had just been 
attacked by her husband.” Specifically, Gigi told Officer Moore that appellant 
lunged at her, grabbed her around the neck, scratched her, and pulled her hair. 
Appellant also objected to this testimony on hearsay grounds, and his objection 
was overruled by the trial court. Gigi did not testify at trial. 
        The decision to admit or exclude hearsay evidence is within the trial 
court’s discretion and reviewable on appeal only under an abuse of discretion 
standard. Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994); 
Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex. Crim. App. 1991) (op. 
on reh'g). An abuse of discretion occurs when the trial court’s decision was so 
clearly wrong as to lie outside the zone where reasonable persons might 
disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). 
Appellate courts will uphold the trial court's ruling on appeal as long as the trial 
court's ruling was at least within the zone of reasonable disagreement. 
Montgomery, 810 S.W.2d at 391. 
        Hearsay is an out of court statement offered for the truth of the matter 
asserted. Tex. R. Evid. 801(d); Logan v. State, 71 S.W.3d 865, 867 (Tex. 
App.—Fort Worth 2002, pet. ref’d). Hearsay is not admissible unless it falls 
within one of the exceptions provided by the rules of evidence. See Tex. R. 
Evid. 802, 803; Logan, 71 S.W.3d at 867. 
        In the case at bar, the trial court admitted the hearsay testimony under 
the excited utterance exception to the hearsay rule. See Tex. R. Evid. 803(2). 
To qualify as an excited utterance, a statement must relate to a startling event 
or condition and be made while the declarant was under the stress of 
excitement caused by the event or condition. Id.; see Logan, 71 S.W.3d at 
867.
        This exception is based on the belief that the statements are made 
involuntarily and that the declarant does not have an adequate opportunity to 
fabricate, ensuring that the statements are trustworthy. Couchman v. State, 
3 S.W.3d 155, 159 (Tex. App.—Fort Worth 1999, pet. ref’d). To determine 
whether a statement qualifies as an excited utterance, (1) the statement must
be the product of a startling occurrence; (2) the declarant must have been
dominated by the emotion, excitement, fear, or pain of the occurrence; and (3)
the statement must be related to the circumstances of the startling occurrence. 
Id. 
        The court may also consider other factors such as the spontaneity of the 
statements, whether the statements are responses to questions, and how much 
time has elapsed between the startling event and the statement. See Zuliani 
v. State, 97 S.W.3d 589, 595-96 (Tex. Crim. App. 2003) (holding that
statement of victim was admissible as an excited utterance since victim had not
been separated from defendant since the incident even though the time
between the event and the statement was twenty hours); Moon v. State, 44
S.W.3d 589, 594 (Tex. App.—Fort Worth 2001, pet. ref’d) (holding that court
did not abuse its discretion in admitting hearsay testimony under excited
utterance exception when victim told testifying officer that her husband “beat
her” and only thirty minutes had elapsed since assault); Bondurant v. State,
956 S.W.2d 762, 766 (Tex. App.—Fort Worth 1997, pet. ref’d) (determining
that statement was excited utterance even though made in response to
questions). The primary factor that must always be considered is whether the
declarant was still dominated by the emotions, excitement, fear, or pain of the
event when the statement was made. Salley v. State, 25 S.W.2d 878, 880
(Tex. App.—Houston [14th Dist.] 2000, no pet.). Thus, we must determine
whether Gigi’s statements to Officer Moore were made under circumstances
that would reasonably show that they resulted from impulse rather than reason
and reflection. See Fowler v. State, 379 S.W.2d 345, 347 (Tex. Crim. App.
1964).
        The police arrived at appellant's home within approximately two minutes 
of the 911 call. Officer Moore described the complainant and stated that “she 
had been crying. She had tears—still had fresh tear stains on her cheeks. Her 
eyes still had water in them. She was visibly shaking, and she had quivering 
in her voice as if she was very upset.” 
        This court addressed a similar situation in Moon v. State. In Moon, the 
officer testified that when he responded to a disturbance call, the victim came
from one of the houses and told him that her husband had “beat her”
approximately thirty minutes earlier. Moon, 44 S.W.3d. at 594. According to
the officer, the victim said that “her husband had thrown her off the couch and
drug her through the house.” Id. When the State asked about the victim’s
demeanor, the officer stated, “[s]he was somewhat upset. I don’t recall
whether or not she was actually crying, but she was upset and scared.” Id. 
He also testified that “[s]he seemed generally scared to go back in the house
even with us there, was genuinely afraid of her husband.” Id. Based upon the
officer’s testimony, we held that the trial court did not abuse its discretion in
admitting the statements under the excited utterance exception to the hearsay
rule. Id.
        Officer Moore’s testimony was very similar to the officer’s testimony in 
Moon. Officer Moore took Gigi’s statement only minutes after the assault 
occurred and observed that Gigi was visibly shaken, tearful, and upset. Officer
Moore’s testimony shows that Gigi made the oral statements while dominated
by her emotions, fear, and excitement from appellant’s assault, and that they
were related to the startling occurrence of the assault. Therefore, we hold that
the trial court did not abuse its discretion in admitting Officer Moore’s
testimony regarding Gigi’s oral statements under the excited utterance
exception to the hearsay rule. We overrule appellant’s second point. 
        In appellant’s first point, he argues that the trial court erred by admitting 
hearsay to prove Gigi’s identity. As we noted above, Gigi did not testify at 
trial. However, the court’s charge required the jury to find appellant guilty if it
found beyond a reasonable doubt that he intentionally caused bodily injury to
Gigi, a member of his family or household. Therefore, the State was required
to prove Gigi’s identity. Appellant argues that the only evidence offered to
identify Gigi was the hearsay statements from Officer Moore. The State argues
that the hearsay statement of identification is admissible under the excited
utterance exception of the hearsay rule. We agree with the State.
        The record reflects that the investigation against appellant began after a 
911 call was made during which appellant’s address was recorded and the 
caller who reported the assault identified herself as Gigi Reagan. Officers 
Moore and Ambreit responded to the call, and the woman who answered the
door confirmed that she was Gigi Reagan and had placed the 911 call. Officer
Moore observed that Gigi was shaken, tearful, and upset. Gigi’s identification
of herself clearly related to the startling event or condition and is admissible
under the excited utterance exception to the hearsay rule. See McDaniel v.
State, 66 S.W. 549, 550 (Tex. Crim. App. 1902) (holding that the name of the
party alleged in the indictment may be proved by hearsay and by general
reputation); see also Bernal v. State, 13 S.W.3d 852, 853 (Tex. App.—Austin
2000, pet. ref’d) (holding that victim’s identification of robber minutes after the
crime was admissible as excited utterance). 
        Moreover, Gigi’s identity was also corroborated by appellant’s own 
testimony. Appellant testified that he and Gigi “tussled for several minutes,”
he went to bed, he was shortly thereafter awakened by the police and arrested
for assault. Additionally, Dr. Davis, Gigi’s family physician, who treated Gigi’s
injuries after the assault, identified Gigi at trial from the photos of her injuries
and confirmed that she had come to him for treatment of those injuries two
days after the assault. He also testified that she had told him that she had
been assaulted by her husband. 
        We hold that the hearsay statements regarding Gigi’s identity related to 
the assault and were made while under the stress of the assault. Additionally,
Gigi’s identity was corroborated by appellant’s own testimony and testimony
of Gigi’s doctor. We overrule appellant’s first point.
        Having overruled both of appellant’s points, we affirm the trial court’s 
judgment.

                                                                  TERRIE LIVINGSTON 
                                                                  JUSTICE
 
PANEL A:   CAYCE, C.J.; LIVINGSTON and GARDNER, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 18, 2003