REAGAN V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-050-CR

MERVIN LEO REAGAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Mervin Leo Reagan, appeals from his conviction for assault.  In two points, appellant complains that the trial court erred by admitting hearsay testimony for the purpose of proving the identification of the complainant and the elements of the charged offense.  We affirm.

FACTS

Officer Mary Moore, a Mansfield police officer, responded to a call of family violence around midnight on April 20, 2002.  When she arrived at the home a woman answered the door, indicated that she was the victim of the assault, and identified herself as Gigi Reagan.  Gigi told Officer Moore that during a fight over the volume of the television, her husband grabbed her around the neck, scratching her.  She also told Officer Moore that her husband grabbed her by the hair and pulled her backwards.  Officer Moore observed the scratches on Gigi’s neck. 

Officer Moore’s training officer, Officer Ambreit, waited for backup to arrive.  With the help of the backup officer, Officer Ambreit arrested appellant.  Appellant told Officer Ambreit that although there had been an altercation over loud music,  Gigi had attacked him while he was laying in bed.  Gigi went to the doctor and was treated for abrasions and contusions to the neck. 

The State charged appellant with misdemeanor assault.  During trial, Officer Moore testified that she responded to a complaint of family violence at appellant’s house.  
Over a running objection, the trial court allowed Officer Moore to testify to
 what Gigi told her about the assault.  Officer Moore testified that the woman who answered the door at appellant’s house identified herself as Gigi Reagan, the victim of the assault.  Appellant objected to this testimony as hearsay and stated that the excited utterance exception did not apply.  The trial court overruled appellant’s objection. 

Officer Moore also testified that Gigi told her that “she had just been attacked by her husband.”  Specifically, Gigi told Officer Moore that appellant lunged at her, grabbed her around the neck, scratched her, and pulled her hair. Appellant also objected to this testimony on hearsay grounds, and his objection was overruled by the trial court.  Gigi did not testify at trial.

The decision to admit or exclude hearsay evidence is within the trial court’s discretion and reviewable on appeal only under an abuse of discretion standard.  
Coffin v. State
, 885 S.W.2d 140, 149
 (Tex. Crim. App. 1994)
; Montgomery v. State
, 810 S.W.2d 372, 390-93 (Tex. Crim. App. 1991) (op. on reh'g).  An abuse of discretion occurs when the trial court’s decision was so clearly wrong as to lie outside the zone where reasonable persons might disagree. 
Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).  Appellate courts will uphold the trial court's ruling on appeal as long as the trial court's ruling was at least within the zone of reasonable disagreement.  
Montgomery
, 810 S.W.2d at 391
.

Hearsay is an out of court statement offered for the truth of the matter asserted.  
Tex. R. Evid.
 801(d); 
Logan v. State
, 71 S.W.3d 865, 867 (Tex. App.—Fort Worth 2002, pet. ref’d).  Hearsay is not admissible unless it falls within one of the exceptions provided by the rules of evidence.  
See
 
Tex. R. Evid.
 802, 803; 
Logan
, 71 S.W.3d at 867.

In the case at bar, the trial court admitted the hearsay testimony under the excited utterance exception to the hearsay rule.  
See
 
Tex. R. Evid.
 803(2).  To qualify as an excited utterance, a statement must relate to a startling event or condition and be made while the declarant was under the stress of excitement caused by the event or condition.
  Id.
; 
see Logan
, 71 S.W.3d at 867.

This exception is based on the belief that the statements are made  involuntarily and that the declarant does not have an adequate opportunity to fabricate, ensuring that the statements are trustworthy.  
Couchman v. State
, 3 S.W.3d 155, 159 (Tex. App.—Fort Worth 1999, pet. ref’d).
  To determine whether a statement qualifies as an excited utterance, (1) the statement must be the product of a startling occurrence; (2) the declarant must have been dominated by the emotion, excitement, fear, or pain of the occurrence; and (3) the statement must be related to the circumstances of the startling occurrence. 
 Id.  

The court may also consider other factors such as the spontaneity of the statements, whether the statements are responses to questions, and how much time has elapsed between the startling event and the statement.  
See
 
Zuliani v. State
, 
97 S.W.3d 589, 595-96 (Tex. Crim. App. 2003) (holding that statement of victim was admissible as an excited utterance since victim had not been separated from defendant since the incident
 
even though the time between the event and the statement was twenty hours
); 
Moon v. State
,
 44 S.W.3d 589, 594
 (Tex. App.—Fort Worth 2001, pet. ref’d) (holding that court did not abuse its discretion in admitting hearsay testimony under excited utterance exception when victim told testifying officer that her husband “beat her” and only thirty minutes had elapsed since assault)
; Bondurant v. State
, 956 S.W.2d 762, 766 (Tex. App.—Fort Worth 1997, pet. ref’d) (determining that statement was excited utterance even though made in response to questions)
.  
The primary factor that must always be considered is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event when the statement was made.  
Salley v. State
, 25 S.W.2d 878, 880 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.).
  
Thus, we must determine whether Gigi’s statements to Officer Moore were made under circumstances that would reasonably show that they resulted from impulse rather than reason and reflection.
  
See Fowler v. State
, 379 S.W.2d 345, 347 (Tex. Crim. App. 1964).

The police arrived at appellant's home within approximately two minutes of the 911 call.  Officer Moore described the complainant and stated that “she had been crying.  She had tears—still had fresh tear stains on her cheeks.  Her eyes still had water in them.  She was visibly shaking, and she had quivering in her voice as if she was very upset.” 

This court addressed a similar situation in 
Moon v. State
.  
In 
Moon
, 
the officer
 testified that when he responded to a disturbance call, the victim came from one of the houses and told him that her husband had “beat her” approximately thirty minutes earlier. 
 Moon, 
44 S.W.3d
. 
at 594.
 
 According to the officer, the victim said that “her husband had thrown her off the couch and drug her through the house.”  
Id.  
When the State asked about the victim’s demeanor, the officer stated, “[s]he was somewhat upset.  I don’t recall whether or not she was actually crying, but she was upset and scared.”  
Id.  
He also testified that “[s]he seemed generally scared to go back in the house even with us there, was genuinely afraid of her husband.”  
Id. 
 Based upon the officer’s testimony, we held that the trial court did not abuse its discretion in admitting the statements under the excited utterance exception to the hearsay rule.  
Id.

Officer Moore’s testimony was very similar to the officer’s testimony in 
Moon
.  Officer
 Moore took Gigi’s statement only minutes after the assault occurred and observed that Gigi was visibly shaken, tearful, and upset.  Officer
 Moore’s testimony shows that Gigi
 made the oral statements while dominated by her emotions, fear, and excitement from appellant’s assault, and that they were related to the startling occurrence of the assault. 
 Therefore, we hold that the trial court did not abuse its discretion in admitting Officer Moore’s testimony regarding Gigi’s oral statements under the excited utterance exception to the hearsay rule. 
 We overrule appellant’s second point. 

In appellant’s first point, he argues that the trial court erred by admitting  hearsay to prove Gigi
’s identity.  As we noted above, Gigi
 did not testify at trial.  However, the court’s charge required the jury to find appellant guilty if it found beyond a reasonable doubt that he intentionally caused bodily injury to Gigi, a member of his family or household.  Therefore, the State was required to prove Gigi
’s identity.  Appellant argues that the only evidence offered to identify Gigi
 was the hearsay statements from Officer Moore.  
The State argues that the hearsay statement of identification is admissible under the excited utterance exception of the hearsay rule.  We agree with the State.

The record reflects that the investigation against appellant began after a 911 call was made during which appellant’s address was recorded and the caller who reported the assault identified herself as Gigi Reagan
.  Officers Moore and Ambreit responded to the call, and the woman who answered the door confirmed that she was Gigi Reagan and had placed the 911 call.  Officer Moore observed that Gigi
 was shaken, tearful, and upset.  Gigi’s identification of herself clearly related to the startling event or condition and is admissible under the excited utterance exception to the hearsay rule.  
See McDaniel v. State
, 66 S.W. 549, 550 (Tex. Crim. App. 1902) (holding that the name of the party alleged in the indictment may be proved by hearsay and by general reputation); 
see also
 
Bernal v. State
, 13 S.W.3d 852, 853 (Tex. App.—Austin 2000, pet. ref’d) (holding that victim’s identification of robber minutes after the crime was admissible as excited utterance). 

Moreover, Gigi
’s identity was also corroborated by appellant’s own testimony.  Appellant testified that he and Gigi
 “tussled for several minutes,” he went to bed, he was shortly thereafter awakened by the police and arrested for assault.  Additionally, Dr. Davis, Gigi
’s family physician, who treated Gigi’s injuries after the assault, identified Gigi at trial from the photos of her injuries and confirmed that she had come to him for treatment of those injuries two days after the assault.  He also testified that she had told him that she had been assaulted by her husband. 

We hold that the hearsay statements regarding Gigi
’s identity related to the assault and were made while under the stress of the assault.
  Additionally, Gigi’s identity was corroborated by appellant’s own testimony and testimony of Gigi
’s doctor. We overrule appellant’s first point.

Having overruled both of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 18, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.