HATCHER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-409-CR

TERRY ANGELO HATCHER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Terry Angelo Hatcher appeals from his conviction by a jury of the offense of aggravated sexual assault of a child.  In his sole point, appellant argues that the trial court erred when it refused to allow him to present impeachment evidence concerning animosity by a punishment witness toward appellant’s father.  We affirm.

Facts

On July 24, 2003, a jury found appellant guilty of the aggravated sexual assault of his daughter.  At the punishment phase of the trial, appellant called a number of character witnesses, including his two brothers, his mother, and his father, Jim Hatcher.  The State called appellant’s adopted sister, Crystal Lynn Gregory, who testified that when she was twelve years old, appellant tried to place his hands inside her pants.  On cross-examination, Gregory testified that her parents placed her in a treatment center when she was a teenager but that she did not hold this against her parents. 

Appellant again called Jim Hatcher to testify.  On redirect, appellant asked Hatcher whether Gregory had ever physically attacked him.  The State objected, citing rule 608(b), which prohibits the use of specific instances of conduct to attack the credibility of a witness.  
See 
Tex. R. Evid.
 608(b).  The trial court sustained the State’s objection and instructed the jury to disregard.  Both sides then rested.  The jury assessed punishment at forty-six years’ confinement.  

Preservation
 
of Error

Appellant argues that evidence concerning whether Gregory attacked her father was admissible under two theories.  First, appellant complains that the evidence was admissible to rebut the false impression left with the jury that Gregory did not have any problems with her parents and that their only disagreement concerned  appellant.  Second, appellant argues that the evidence was admissible to show that Gregory was biased against appellant’s family and therefore biased against him as well.  

Rule 105(b) of the Texas Rules of Evidence provides that when evidence that is admissible for one purpose but not admissible for another purpose is excluded, such exclusion “shall not be a ground for complaint on appeal unless the proponent expressly offers the evidence for its limited, admissible purpose.”  
Tex. R. Evid.
 105(b);  
Jones v. State
, 843 S.W.2d 487, 498 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 1035, 
overruled on other grounds by Maxwell v. State
, 48 S.W.3d 196, 200 (Tex. Crim. App. 2001).   

At trial, appellant did not articulate why he sought to admit evidence of  Gregory attacking Hatcher.  When the trial court sustained the State’s objection that such evidence was inadmissable under rule 608(b), appellant did not inform the trial court of any alternative theories of admissibility.  Because appellant did not expressly offer the evidence for its limited, admissible purpose, he cannot complain of its exclusion on appeal.  
See Clark v. State
, 881S.W.2d 682, 694 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1156 (1995); 
Logan v. State
, 71 S.W.3d 865, 870 (Tex. App.སྭFort Worth 2002, pet. ref’d).  Accordingly, we hold that appellant failed to preserve error.  We overrule appellant’s point and affirm the trial court’s judgment.   

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.