COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-409-CR
 
  
TERRY 
ANGELO HATCHER                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Terry Angelo Hatcher appeals from his conviction by a jury of the offense of 
aggravated sexual assault of a child.  In his sole point, appellant argues 
that the trial court erred when it refused to allow him to present impeachment 
evidence concerning animosity by a punishment witness toward appellant’s 
father.  We affirm.
Facts
        On 
July 24, 2003, a jury found appellant guilty of the aggravated sexual assault of 
his daughter.  At the punishment phase of the trial, appellant called a 
number of character witnesses, including his two brothers, his mother, and his 
father, Jim Hatcher.  The State called appellant’s adopted sister, 
Crystal Lynn Gregory, who testified that when she was twelve years old, 
appellant tried to place his hands inside her pants.  On cross-examination, 
Gregory testified that her parents placed her in a treatment center when she was 
a teenager but that she did not hold this against her parents.
        Appellant 
again called Jim Hatcher to testify.  On redirect, appellant asked Hatcher 
whether Gregory had ever physically attacked him.  The State objected, 
citing rule 608(b), which prohibits the use of specific instances of conduct to 
attack the credibility of a witness.  See Tex. R. Evid. 608(b).  The trial 
court sustained the State’s objection and instructed the jury to 
disregard.  Both sides then rested.  The jury assessed punishment at 
forty-six years’ confinement.
Preservation of Error
        Appellant 
argues that evidence concerning whether Gregory attacked her father was 
admissible under two theories.  First, appellant complains that the 
evidence was admissible to rebut the false impression left with the jury that 
Gregory did not have any problems with her parents and that their only 
disagreement concerned appellant.  Second, appellant argues that the 
evidence was admissible to show that Gregory was biased against appellant’s 
family and therefore biased against him as well.
        Rule 
105(b) of the Texas Rules of Evidence provides that when evidence that is 
admissible for one purpose but not admissible for another purpose is excluded, 
such exclusion “shall not be a ground for complaint on appeal unless the 
proponent expressly offers the evidence for its limited, admissible purpose.” Tex. R. Evid. 105(b); Jones v. State, 
843 S.W.2d 487, 498 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 1035, overruled 
on other grounds by Maxwell v. State, 48 S.W.3d 196, 200 (Tex. Crim. App. 
2001).
        At 
trial, appellant did not articulate why he sought to admit evidence of Gregory 
attacking Hatcher. When the trial court sustained the State’s objection that 
such evidence was inadmissable under rule 608(b), appellant did not inform the 
trial court of any alternative theories of admissibility.  Because 
appellant did not expressly offer the evidence for its limited, admissible 
purpose, he cannot complain of its exclusion on appeal.  See Clark v. 
State, 881S.W.2d 682, 694 (Tex. Crim. App. 1994), cert. denied, 513 
U.S. 1156 (1995); Logan v. State, 71 S.W.3d 865, 870 (Tex. App.—Fort 
Worth 2002, pet. ref’d).  Accordingly, we hold that appellant failed to 
preserve error.  We overrule appellant’s point and affirm the trial 
court’s judgment.
   
                                                                  PER 
CURIAM
   
 
PANEL 
F:   LIVINGSTON, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.